GEORGE W. LEONARD & wife *vs.* DAVID HUMPHREYS STORER.

Suffolk.    March 12. — April 9, 1874.    COLT & ENDICOTT, JJ., absent.

The owner of a building with a roof so constructed that snow and ice collecting on it from natural causes will naturally and probably fall into the adjoining highway, is not liable to a person injured by such a fall upon him, while travelling upon the highway with due care, if the entire building is at the time let to a tenant, who has covenanted with the owner "to make all needful and proper repairs both internal and external," it not appearing that the tenant might not have cleared the roof of snow by the exercise of due care, or that he could not by proper precaution have prevented the accident.

TORT to recover for injuries sustained by the female plaintiff on account of snow and ice sliding from a building owned by the defendant upon her. In the Superior Court the following facts were agreed:

. " That in the winter of 1869, the defendant was the owner of a building on the southerly side of Winter Street, in the city of Boston, and contiguous to said street; that the said building was covered by a slated, pitched roof, (the pitch of which is thirty-two degrees,) upon which snow and ice collected and slid into said street, in the winter season, to the same extent to which it col-

lected upon and slid from other pitched roofs, of said pitch, and there was no guard or protection upon the building to prevent it from so sliding; that said Winter Street was a publi: highway in the city of Boston, and the female plaintiff was passing along on said street, as she lawfully might, and as she was so passing along and using due care, and without any fault of hers, the snow and ice slid from the roof of said building upon her, whereby she was injured; that on the first day of May, 1857, the defendant leased the said building and premises to Jacob Fullerton, for the term of fifteen years, from that date, by a written lease, duly executed, by the terms of which the lessee took the entire building and agreed to ' make all needful and proper repairs, both external and internal, of the demised premises,' and the right was reserved to the lessor to ' enter or send agents into and upon the same to examine the condition thereof;' that Fullerton took possession of the building under his lease, and was in possession thereof at the time of the accident; that the roof of the building at the time of the accident was in the same condition as when the lease was executed, it not having been altered or repaired during the time."

On these facts the Superior Court ordered judgment for the defendant, and the plaintiffs appealed to this court.

*R. Lund*, for the plaintiffs. Upon the facts agreed in this case, either the defendant or the tenant is liable to the female plaintiff for her injuries in this form of action. *Shipley* v. *Fifty Associates*, 101 Mass. 251; 106 Mass. 194. The only question here to be determined is, whether upon the facts in the case the defendant, who is the owner of the building, is liable. Had the building been leased to different tenants, each one having a lease of different portions, all the questions would have been fully settled by the case above cited. But the defendant insists, that, as this was all leased to one tenant, the tenant had the full control of the entire building, and therefore the defendant is not liable. This might be so, if the accident had happened in consequence of any nuisance which the tenant had erected, or any change in the structure of the roof which he had made. But the roof is in the same condition as when the lease was made. The tenant has not reconstructed it, or in any way interfered with it, and by the terms of the lease he had no right to make any change, only to

make repairs, and then only to put it in as good condition as it was before. The lease provides what the tenant shall do, but does not provide for any change in the roof. The accident then did not happen by any neglect of duty on the tenant's part, but was occasioned by the shape or slope of the roof, and from the proximity of the building to the street. The owner alone being responsible for the shape or slope of the roof, is alone liable. *Shipley* v. *Fifty Associates, supra.* In this lease, the landlord reserved the right " at all seasonable times to enter or send agents, into and upon the same," (to wit, the building,) " to examine the condition thereof," therefore, " he was not excluded from going upon the roof, and so altering its construction, that at all seasons of the year it should not produce any inconvenience or danger to travellers on the highway below." Again, if it is said that the defendant had parted with his entire control of the roof of the building, he is guilty of negligence in putting it beyond his control, in an unsafe condition, without providing that the tenant should put it in safe condition, or at least give him permission to so do, which he did not do in this case.

*J. P. Healy,* for the defendant. The defendant had neither the duty nor the right to remove the snow from the roof, or to interfere in any way in the general management and care of the building. The plaintiffs therefore have no cause of action against him. Their remedy must be sought, if at all, against the tenant. *Kirby* v. *Boylston Market Association,* 14 Gray, 249, and cases cited. *Boston* v. *Worthington,* 10 Gray, 496.

AMES, J. It does not appear that the defendant had any connection with the injury complained of, except that he was the owner of the building in front of which it occurred. The whole of this building had been leased for a long term of years to a tenant who was in actual occupation at the time of the accident. By the terms of the lease, the tenant had bound himself to make certain specific alterations in the lower story of the building, and also to make at his own expense " all needful and proper repairs, both internal and external, of the demised premises." The lessee was the occupant of the entire estate, and, as between himself and the public, was bound to keep the building in such a state of repair that the adjoining highway should be safe for the use of travellers thereon. " It is the occupier who is *primâ facie* liable

to third persons for damages arising from any defect." *Kirby* v. *Boylston Market Association*, 14 Gray, 249, and cases there cited. The control of the tenant included the roof of the building, as well as its interior, and it does not appear that he might not have cleared the roof of snow by the exercise of due care, or that he could not by proper precautions have prevented the accident. We cannot say upon this report that any neglect of duty, or any wrongful act, on the part of the defendant, was the cause of the injury. In *Shipley* v. *Fifty Associates*, 101 Mass. 251, and 106 Mass. 194, it appeared that the roof was not in the control of the various occupants of the building, but of the owners, who were therefore held responsible for its condition. As the judgment of the court below does not appear to have been erroneous, it is therefore *Affirmed.*