## JOHN L. LEE *vs.* HENRY McLAUGHLIN.

Penobscot.    Opinion May 14, 1894.

*Landlord and Tenant.    Negligence.    Roof.    Snow.*

The tenant who has full possession and occupancy, and not the landlord, is bound, as between himself and the public, to keep buildings and other structures abutting upon highways and streets in repair so that they may be safe for the use of travelers passing along the same.

The owner of a building with a steep and unguarded roof who lets it to a tenant with the entire right of possession and occupancy, is not liable to a person injured by a fall of snow from the roof while travelling with due care upon the adjoining highway, it not appearing that the tenant might not by the use of reasonable care have prevented the accident.

An ordinance of the city of Bangor requires owners of stores and houses bordering on the streets to put, within thirty days after notice, upon the roofs of such buildings, railings, or other protections, to prevent slides of snow and ice. *Held,* that the ordinance did not affect the parties in this action, it appearing that no notice had been given.

ON REPORT.

The case is stated in the opinion.

*H. L. Mitchell,* for plaintiff.

Defendant liable because tenants are not responsible for the roof or outside of the building, unless they agreed to take charge and keep the outside of the building in proper condition. Nothing in the case to indicate that tenants had control of the roof. Renting his store to tenants-at-will, without any special agreement as to repairs or care of the property, did not exclude the landlord from the roof of the store or relieve him from the obligation to remove the snow and ice accumulated thereon.

The facts in the case show it to be a nuisance and dangerous to the travellers on the public highway.

*Wilson and Woodard,* for defendant.

SITTING : PETERS, C. J., EMERY, FOSTER, HASKELL, WHITEHOUSE, WISWELL, JJ.

FOSTER, J.    The defendant was the owner of a brick store with a slated roof, situated on the westerly side of Broad street and easterly side of Pickering Square in Bangor.

It appears from the evidence and admitted facts that for several years prior to and at the time of the accident, "the whole store, the real estate and building, were in the occupation of Thurston & Kingsbury under a tenancy at will from the defendant."

A quantity of snow which had fallen upon the roof of the building slid off into the street and upon the sidewalk, thereby causing a horse which was attached to a truck wagon, and belonging to one John C. Mooney, to start and run away, and in its course it came into collision with the horse and sleigh of the plaintiff, who was thrown from the sleigh and received the injuries for which he seeks to recover compensation of the defendant in this suit.

Of the several positions taken in defense of this action, it becomes necessary to consider only one, and that which we think is decisive of this case.

The plaintiff can hold the defendant liable only upon the ground that he was guilty of negligence towards him. Upon no other theory can such an action as this be maintained. The plaintiff seeks to recover of the defendant as owner of the building upon which the snow accumulated producing the injuries of which the plaintiff complains.

Whatever may be the rights of travellers receiving injuries from the fall of snow or ice from a roof which is subject to the use and control of the owner, as in *Shipley* v. *Fifty Associates*, 101 Mass. 251, 106 Mass. 194, and other cases of that nature, it can no longer be regarded as an open question whether or not the owner of a building is liable in such a case as this, when the entire control and occupation belong to the tenants. That question must be regarded as fully settled by the cases of *Kirby* v. *Boylston Market Association*, 14 Gray, 249 ; *Leonard* v. *Storer*, 115 Mass. 86 ; *Clifford* v. *Atlantic Cotton Mills*, 146 Mass. 47 ; *Lowell* v. *Spaulding*, 4 Cush. 277.

The principle enunciated by these decisions is, that the occupier, and not the landlord, is bound, as between himself and the public, to keep buildings and other structures abutting upon highways and streets in repair so that they may be safe for the use of travellers passing along the same, and that the occupier

is *prima facie* liable to persons injured through any defect in the same or want of care in the use of such buildings.

The case of *Clifford* v. *Atlantic Cotton Mills*, *supra*, was an action for personal injuries occasioned to the plaintiff by the fall of snow from the defendant's house into the highway. The house was three stories high, with a steep slate roof slanting towards the sidewalk, with no protection or railing to keep the snow from falling upon the sidewalk; the court held that the owner of a building with a steep and unguarded roof, who lets it to a tenant, reserving only the right to enter the premises to repair the same, is not liable to a person injured by a fall of snow from the roof while travelling with due care upon the adjoining highway, it not appearing that the tenant might not by the use of reasonable care have prevented the accident. In the course of the opinion the court say : "The defendant's house was not a nuisance in itself. If it was, half the householders in Boston are indictable at the present moment. It was certain to become so at times by the mere working of nature alone, unless the tenant cleared the roof, or took other steps to prevent it. But, so far as appears, the tenant could have done so by using reasonable care. If he could, it was his duty to do so, and the landlord was not liable for the reasons which we have stated."

Very similar to the case last cited was that of *Leonard* v. *Storer*, *supra*, in which the court held the same doctrine afterwards more fully considered in the opinion in *Clifford* v. *Atlantic Cotton Mills*. In that case occupancy by the tenant included the roof as well as the interior, and it did not appear that he might not have cleared the roof of snow by the exercise of due care, or that he might not by proper precautions have prevented the accident. That being the case, there was no neglect of duty or wrongful act on the part of the owner such as to render him liable for the injury.

In the case of *Shipley* v. *Fifty Associates*, 101 Mass. 251, and 106 Mass. 194, where the owners were held responsible for injuries resulting from the fall of ice and snow from the roof upon a traveler, it will be observed that the roof was not in the control of the various occupants of the building, but of the owners,

and for that reason they were held liable. The same is true in the case of *Kirby* v. *Boylston Market Association*, 14 Gray, 249; *Simonton* v. *Loring*, 68 Maine, 164; *Toole* v. *Beckett*, 67 Maine, 544, and many other cases that fall within that class where the owners have been held responsible for injuries resulting from their negligence or wrongful acts. Upon the same principle were the decisions in *McCarthy* v. *York County Savings Bank*, 74 Maine, 315; *Milford* v. *Holbrook*, 9 Allen, 17; *Allen* v. *Smith*, 76 Maine, 335.

In the present case, the tenants had the full control and occupancy of the building. It included the exterior as well as the interior. It is immaterial whether such control and occupancy existed in consequence of a tenancy at will or by virtue of a written lease. The principle is the same. The building was not in itself a nuisance, and could become such only by reason of the action of the elements at certain seasons of the year. If there was any duty to keep the roof clear of snow and ice, it belonged to the tenants. If there was any neglect, it was theirs and not the owners. Nor is there anything in the case to show that the tenants might not, by the exercise of due care, have cleared the roof of snow, or by proper precautions have prevented the accident. The tenants for the time being were in the place of the owner. Nor is it necessary to determine how far the tenant might be warranted in placing suitable guards upon the roof to prevent snow and ice from falling into the street. It has been held that the tenant would have such right, even in cases where the right is reserved to the landlord to enter and make repairs. *Clifford* v. *Atlantic Cotton Mills*, *supra; Boston* v. *Worthington*, 10 Gray, 496, 500.

An ordinance of the city was introduced in evidence requiring owners of stores and houses bordering on the streets to put upon the roof of such buildings, railings or other protections to prevent slides of snow and ice, in cases where they have been notified to put on such railings or protections, within thirty days after such notice.

There is no evidence whatever that any such notice, as the ordinance expressly contemplates, was ever given to any body

in relation to this store. This ordinance, therefore, can have no effect in determining the rights and liabilities of these parties. Those rights and liabilities stand unaffected by any ordinance, and must be tested by the principles of the common law.

The entry must therefore be,

*Judgment for defendant.*