ATWILL, Appellant, vs. BLATZ and others, Executors, Respondents.

*May 9—May 29, 1903.*

*Landlord and tenant: Dangerous premises: Injury to a pedestrian: Liability of tenant: Nonsuit.*

1. When snow has been allowed to accumulate on the roof of a building in the occupancy and control of a tenant, and it falls therefrom and injures a pedestrian, if liability exists therefor, the tenant, and not the landlord, is liable.
2. In such case, in an action against the landlord alone, it is not error to grant a nonsuit.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

Appeal from a judgment of nonsuit and for costs. The defendants were the executors of the estate of Valentine Blatz, deceased. The premises in question—a part of said estate—are located at the northwest corner of First avenue and Mineral street, in the city of Milwaukee. A portion of the buildings upon the premises abut on Mineral street. The roof of this portion slopes toward Mineral street. The plaintiff alleges that defendants were negligent in failing to prevent snow and ice from accumulating on said roof, and in neglecting to remove the same, and that he was injured as a

result of such negligence. This the defendants deny, and allege that the premises in question were in the possession and occupancy of a tenant, under a written lease, at the time plaintiff claims to have been injured. The evidence presented in the record establishes the following facts: Plaintiff was injured by an accumulation of snow and ice falling òn him while traveling on the sidewalk on Mineral street, adjacent to the building on said premises. The structures on the lot in question consist of a main building or hall, and an addition thereto which abutted on Mineral street. Such addition was covered with a tin roof, joined to the main structure in the usual manner; the pitch of the roof being much less than on the other parts of the structures. It also appears that the snow and ice which struck plaintiff fell from the tin roof covering this addition. At the time of the accident, one Henry W. Beckman was in possession and control of the saloon part of the main building and of the addition, by virtue of a written lease. He occupied the addition as a dwelling, and for the purposes of such business as he chose to conduct therein in connection with the public uses that were made of the main hall. There is no evidence in the record tending to prove that the buildings upon the lot projected into Mineral street.

The cause was submitted for the appellant on the briefs of *Griffin, Johnston & Worden,* and for the respondents on that of *Fiebing & Killilea.*

SIEBECKER, J. Mr. Beckman's possession and occupancy of the addition to the main building on the premises in question, abutting on Mineral street, must be held to cover the addition, with the roof thereon. It appears that the relationship of landlord and tenant existed between him and defendants, as executors of said estate, by virtue of the written lease and his occupancy of said addition, at and prior to the time of the accident. His possession of this addition as such lessee

gave him the control of the roof as well as the interior.   As a result of the tenant's possession and occupancy, he stands in place of the landlord in the management and control of the premises.   If legal responsibility is to attach under the facts and circumstances as presented by the record in this case, it would devolve upon the tenant to exercise the reasonable care required to protect travelers on the abutting street from dangers incident to snow and ice accumulating and falling from the roof.   *Leonard v. Storer,* 115 Mass. 86; *Boston v. Gray,* 144 Mass. 53, 10 N. E. 509; *Lee v. McLaughlin,* 86 Me. 410, 30 Atl. 65; Wood, Nuisances, § 116; Shearman & Redfield, Negl. § 713.   The proof in the record warrants no inference other than that the snow and ice which plaintiff claims fell upon him came from the portion of the structures on the premises which was at the time in the occupancy and control of the tenant.   The nonsuit was properly granted.

*By the Court.*—Judgment affirmed.