Robert W. Simms, *Plaintiff in Error, v.* Florence Kennedy, *Defendant in Error.*

Opinion Filed December 5, 1917.

Petition for rehearing denied January 10, 1918.

1. A tenant or occupant of premises having the entire control thereof is, so far as third persons are concerned, the owner. He is, therefore, usually deemed to be *prima facie* liable for all injuries to third persons occasioned by the condition of the demised premises.

2. A lessor landlord may be liable to third persons for injuries caused by defects in leased premises during the term of the lease, when the defect in or condition of the premises at the time of the lease was a violation of law 'or was in the nature of a nuisance existing or incipient because of negligent construction or otherwise, or when the lessor has entire or partial control of the premises or is required by law 'or undertakes to keep or to assist in keeping the premises in repair, or where his negligence or participation is a proximate cause of the injury. Liability of the lessor may also flow from special circumstances or from applicable provisions of law.

3. *Prima facie* where the lessee is in entire possession, occupancy and control of the premises under a lease and the premises were in good condition when leased, the lessor is not liable in damages for injuries to third persons caused by defects in the premises. And where an action for damages is brought against the lessor, he may plead specially the lease to and the possession, occupancy and control of the premises by another, in bar of the action, in each case setting up the facts affording the bar. ·

Writ of Error to Circuit Court for Duval County. Daniel A. Simmons, Judge.

Judgment reversed.

*John E. & Julian Hartridge,* for Plaintiff in Error;

*Austin Miller,* for Defendant in Error.

WHITFIELD, J.—Defendant in error brought an action against Robert W. Simms to recover damages for personal injuries sustained by her as she passed along the sidewalk on a public street in Jacksonville, Florida, by the falling of a part of an awning overhanging the sidewalk and attached to a building belonging to Simms but occupied by another person under a lease from Simms. The first count of the declaration alleges in effect that on November 11, 1914, the defendant "was the owner of a certain building and metal awning attached thereto and being a part thereof and extending over and above the public sidewalk in front and to the west side of the said building, situated on the northeast corner of Bay and Hogan Streets, in the City of Jacksonville, county and State aforesaid, that the defendant failed to keep the said awning in the proper repair, as he was bound to do, but negligently and carelessly allowed it, the said awning, to remain broken, in unrepair and in a dangerous condition to persons passing thereunder, that on the day aforesaid plaintiff was a pedestrian walking along the said public sidewalk, in front of said building, as she had a right to do, and under the said awning and a piece of the said awning fell upon the said plaintiff with great force and violence whereby the plaintiff was" injured as alleged.

The second count alleges that the defendant was the owner of the building "occupied at the present time by Levy's store," and also of a "certain metal awning

attached to and being a part of the said building and extending over and above the public sidewalk in front and to the west side of the said building. That the said awning was broken and in a dangerous condition for the safety of persons passing along said public sidewalk, of which fact defendant well knew, that on the day aforesaid plaintiff was passing along said sidewalk and under the said awning and by no fault of hers a piece of the said awning fell with great force and violence on to and against the said plaintiff whereby she was thrown or knocked to the said sidewalk" and injured as stated.

A plea of not guilty and two special pleas were filed, the special pleas being stricken on motion. At the trial the defendant offered the following pleas: "That prior to the happening of the alleged accident he had leased the said building described in the declaration, owned by him and located at the northeast corner of Bay and Hogan Streets in the City of Jacksonville, Duval County, Florida, to one B. S. Levy, and by the terms of said leases the said B. S. Levy was to make every and all repairs of every kind and character to said building; that pursuant to the leases to the said B. S. Levy, and before the happening of the alleged accident which is the subject of this suit, the said B. S. Levy had gone into possession and taken control of said building, and that at the time of the said B. S. Levy going into possession of said building the said building and every part theerof, and the part complained of in plaintiff's declaration, were in good repaid and condition; and that at the time of the happening of said alleged accident the said B. S. Levy was in actual and exclusive possession, occupancy and control of said building, under the terms of said leases, and had been in possession and control of said building for, to-wit, more than two years prior thereto.

"And for a second additional plea, the defendant says that prior to the happening of the alleged accident he had leased said building described in the declaration, owned by him and located at the northeast corner of Bay and Hogan Streets in the City of Jacksonville, Duval County, Florida, to one B. S. Levy; that pursuant to the leases to the said B. S. Levy and before the happening of the alleged accident which is the subject of this suit, the said B. S. Levy had gone in possession and taken control of said building, and that at the time of the said B. S. Levy going into possession of said building the said building and every part thereof, and the part complained of in plaintiff's declaration, were in good repair and condition; and that at the time of the happening of said alleged accident the said B. S. Levy was in actual and exclusive possession, occupancy and control of said building, and had been in possession and control of said building for, to-wit, more than two years prior thereto ."

The court refused to permit the pleas to be filed, to which the defendant excepted. Verdict and judgment were rendered for the plaintiff, and the defendant took writ of error.

The trial judge certifies that the "bill of exceptions contains only so much and such parts of the evidence as is necessary to enable the appellate court to properly review the rulings of the trial court mentioned in the assignment of errors in the above case."

If under the circumstances stated in the quoted additional special pleas, the defendant is not liable, there was harmful error in refusing to permit the pleas to be filed at the trial. The court had on the ground that it "could not avail the defendant" stricken a special plea averring that the defendant was not in possession or control of the building, but that the same had been leased

for a term of years to B. S. Levy, and was in the care, custody and control of B. S. Levy, the lease not yet having expired, and the court refused to admit in evidence the leases referred to in the pleas. Such pleas were manifestly designed to explain the character of the occupancy of the building "by Levy's store" as alleged in the second count of the declaration.

It is obvious from the several rulings made that the trial court held the defendant to be liable even though the building was in the possession, custody and control of another under a lease which required the lessee to make necessary repairs to the building during the period of the lease, the lessor having under the lease no right to possession or control of the building.

In King v. Cooney-Eckstein Co., 66 Fla. 246, 63 South. Rep. 659, where the action was against the lessees of a wharf to recover for personal injuries sustained by reason of a defect in the wharf, it is said "both the lessor and the lessee may be liable under certain circumstances and *prima facie* the liability rests primarily upon the one in actual occupancy and control of the premises."

A tenant or occupant of the premises having the entire control thereof is, so far as third persons are concerned, the owner. He is, therefore, usually deemed to be *prima facie* liable for all injuries to third persons occasioned by the condition of the demised premises. 16 Ruling Case Law 1063, 1095; Nelson v. Liverpool Brewery Co., 2 L. R. C. P. Div. 311.

A lessor landlord may be liable to third persons for injuries caused by defects in leased premises during the term of the lease, when the defect in or condition of the premises at the time of the lease was a violation of law or was in the nature of a nuisance existing or incipient because of negligent construction or otherwise, or when

the lessor has entire or partial control of the premises
or is required by law or undertakes to keep or to assist
in keeping the premises in repair, or where his negligence
or participation is a proximate cause of the injury. Lia-
bility of the lessor may also flow from special circum-
stances or from applicable provisions of law. But *prima
facie* where the lessee is in entire possession, occupancy
and control of the premises under a lease and the prem-
ises were in good condition when leased, the lessor is not
liable in damages for injuries to third persons caused by
defects in the premises. And where an action for dam-
ages is brought against the lessor, he may plead specially
the lease to and the possession, occupancy and control of
the premises by another, in bar of the action, in each case
setting up the facts affording the bar. See Fellows v.
Gilhuber, 82 Wis. 639, 52 N. W. Rep. 307, 17 L. R. A. 577;
Kalis v. Shattuck, 69 Cal. 593, 11 Pac. Rep. 346, 58 Am.
Rep. 568; Knight v. Foster, 163 N. C. 329, 79 S. E. Rep.
614, 50 L. R. A. (N.S.) 286; Miller v. Fisher, 111 Md. 91,
73 Atl. Rep. 891, 50 L. R. A. (N.S.) 295; Cerchione v.
Hunnewell, 215 Mass. 588, 102 N. E. Rep. 908, 50 L. R. A.
(N.S.) 300; Lee v. McLaughlin, 86 Me. 410, 30 Atl. Rep
65, 26 L. R. A. 197; Atwill v. Blatz, 118 Wis. 226, 95
N. W. Rep. 99; Munroe v. Carlisle, 176 Mass. 199, 57 N. E.
Rep. 332; Uggla v. Brokaw, 117 App. Div. 586, 102 N. Y.
S. 857; 3 Shearman & Redfield on Neg. Sec. 708; 1 Taylor's
Landlord & Tenant, 674 *et seq;* 24 Cyc. 1114 *et seq.* See
also extensive notes to 92 Am. St. Rep. 499; Johnson v.
McMillan, 69 Mich. 36, 36 N. W. 803. 18 Am. & Eng.
Enc. Law (2nd Ed.) 240; Hett v. Janzen, 22 Ont. 414;
15 Eng. Rul. Cas. 335.

The proffered pleas aver that prior to the alleged injury
the defendant had leased the building to B. S. Levy; that
by the terms of the leases the lessee was to make every

and all repairs of every kind and character to said building; that pursuant to the leases and before the alleged injury the said B. S. Levy had gone into possession and taken control of said building; that at the time the lessee took possession the building and every part thereof, and the part complained of were in good repair and condition; that at the time of the alleged injury, the said B. S. Levy was in actual and exclusive possession, occupancy and control of said building under the terms of the leases, and had been in possession and control of said building for more than two years.

These pleas tendered an issue that if sustained would have been a defense to the action, and permission to file them should have been allowed.

The judgment is reversed and a new trial awarded.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.