CLYDE BAR, INC., a corporation, v. ROSALAND McCLAMMA

10 So. (2nd) 916                               June Term, 1942
December 18, 1942                                  Division A
Rehearing Denied January 13, 1943

John E. Teate, for appellant.
Will O. Murrell and John E. Lake, for appellee.

ADAMS, J.:

The only question necessary for us to consider here is whether actionable negligence is shown.

Appellant operated a barroom. Appellee spent almost an entire night therein partaking of whisky and beer. She left about six o'clock in the morning and returned shortly thereafter to have breakfast. Upon returning to the bar she slipped and fell. She testified that the floor was wet and slippery.

Appellee was not an insurer of appellant's physical safety while in the premises. Its duty was to maintain the premises in a reasonably safe condition. To discharge that duty it was obligated to exercise that degree of care and prudence which an ordinary prudent person would ordinarily exercise. Appellee was charged with the duty of observing the premises and exercising lawful care for her own safety.

Negligence will not be presumed merely because of the happening of an accident. It does not appear that the danger was hidden. If appellee had exercised lawful care she would have seen the danger if any there was. Her failure to use lawful care makes her own negligent act the proximate cause of her injury.

It is our conclusion that no actionable negligence was shown and it is therefore not necessary for us to consider any other questions. In reaching this conclusion we are unmindful of the rule contended for by appellee that negligence vel non is a question of fact for the jury. This rule does not govern however, where only one reasonable interpretation can be drawn from the facts. In the latter event the question of negligence vel non becomes a question of law.

The judgment is reversed.

BROWN, C. J., WHITFIELD and BUFORD, JJ., concur.