55 So.2d 179 (1951)
KRAVER et al.
v.
EDELSON et al.
Supreme Court of Florida, Division B.
November 27, 1951.
Mark Silverstein, Miami Beach, for appellants.
Dixon, DeJarnette & Bradford, Miami, for appellees.
MATHEWS, Justice.
The appellants, who are husband and wife, went to the Triton Hotel in Miami Beach to have dinner. They were accompanied by their child and the mother of the appellant, Doris Kraver. After dinner the appellant, Samuel Kraver, and the child went out of the hotel ahead of Doris Kraver and her mother. They waited on a sidewalk which was on the hotel property about eight to twelve feet from the front entrance to the hotel. Not more than ten minutes later the appellant, Doris Kraver, *180 came from the hotel accompanied by her mother.
As Doris Kraver stepped from the hotel lobby through the front door entrance of the hotel onto the front terrace, she stepped on a cigar butt, her heel went over and she fell, fracturing a bone in her ankle.
The declaration alleged that the defendants were negligent in permitting the cigar butt to remain on the terrace because the defendants knew of its presence, or by the exercise of reasonable and ordinary care, should have known of its presence.
The appellees filed pleas to the declaration alleging they were not guilty and charging the appellants with contributory negligence.
While Samuel Kraver was waiting on the sidewalk he testified that he saw the doorman of the hotel several times "run" in and out of the hotel and pass over the spot where the cigar butt lay. According to his testimony there was plenty of light at that spot, the cigar butt looked as though it had been tramped upon, it was messed up, the leaves hung, and it looked as though it had been unraveled. He could see the cigar butt from where he was standing on the sidewalk. Mr. Kraver was asked by the Court whether he thought the cigar butt appeared to be dangerous and he said, "Your Honor, I didn't think of it. I didn't think anything of it."
This was the only testimony as to any dangerous condition or that the hotel manager or operator or the employees knew, or should have known, that the cigar butt was there. This testimony is uncontradicted and it falls far short of showing any dangerous condition which the hotel manager or owners or their employees knew, or by the exercise of reasonable diligence, could have known.
Doris Kraver testified that when she was leaving the hotel there were people in front of her and they blocked the view ahead of her so that she was unable to see the cigar butt.
Only the two witnesses testified for the plaintiffs below, appellants here, and they were Doris Kraver and Samuel Kraver.
At the conclusion of the plaintiffs' case and after they had announced they had no further testimony to offer, the able Circuit Judge on his own motion, directed a verdict for the appellees, and said, "Not every accident is the result of negligence, and there is no testimony in this case that the manager * * * or operator * * * of this hotel knew, or by the exercise of reasonable diligence could have known, of any dangerous condition, if any existed, as a result of the cigar butt being at the entrance to the hotel."
This ruling is presumed to be correct. Roberts v. Powell, 137 Fla. 159, 187 So. 766. Under the facts and circumstances of this case for us to hold that the defendants below, appellants here, were guilty of negligence which caused this accident and resulting injuries would place a tremendous and unwarranted burden upon the owners and operators of hotels and would, in fact, practically make them insurers against types and classes of accidents never before contemplated in this state. See Clyde Bar v. McClamma, 152 Fla. 118, 10 So.2d 916; Matson v. Tip Top Grocery, 151 Fla. 247, 9 So.2d 366; Miller v. Shull, Fla., 48 So.2d 521.
This is not a case where some slippery substance such as banana peelings, floor cleaning substance, wax, soapy water, or syrup was left on a floor where the public was invited. There is nothing slippery about a cigar butt, and to place upon managers and operators of hotels the duty and responsibility of having employees constantly on guard in the lobbies, around the steps, terraces and sidewalks leading into hotels, to observe such objects as a cigar butt as described in this case, would place upon them an intolerable burden.
We find no testimony in this case from which the jury could draw the inference or conclusion that the manager or the operator of this hotel, or the employees, knew, or by the exercise of reasonable diligence, could have known of any dangerous condition as a result of the cigar butt being at the entrance of the hotel.
Affirmed.
SEBRING, C.J., and HOBSON and ROBERTS, JJ., concur.