FIRESTONE TIRE & RUBBER CO.
v. ARRINGTON et al.
No. 13878.

United States Court of Appeals,
Fifth Circuit.
June 27, 1952.

Henry L. Jollay, Paul Ritter, Winter Haven, Fla., for appellant.

T. Paine Kelly, Jr., Tampa, Fla., for appellees.

Before HUTCHESON, Chief Judge, and BORAH, and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

This appeal brings for review the trial of a suit for personal injuries in which verdict and judgment were rendered against the appellant awarding damages for injuries appellee received in slipping and falling on the floor in the repair department of the appellant's service station in Winter Haven, Florida. The claims of error are that the Court erred in overruling the defendant's motion for a directed verdict made, at the close of plaintiff's evidence, at the close of all of the evidence, and renewed after verdict by motion for judgment and motion for a new trial. The consistent contentions of defendant thus urged, and specified here, are that there was no proof of negligence on the part of defendant and that the plaintiff was guilty of contribuotry negligence.

The case is of the pattern so familiar, and often present, in actions to recover damages for personal injuries alleged to have been sustained as a result of negligence. There is little dispute as to the applicable law. The question is whether the evidence is sufficient to authorize the jury to find, as is implicit in the verdict, that the defendant was negligent; that such negligence was the proximate cause of plaintiff's injuries, and that the plaintiff herself was not guilty of contributory negligence.

Plaintiff, Mrs. Arrington, drove her automobile to the defendant's service station to have a tube repaired and to have the tires "switched" on her car. She stopped in the portion of the station devoted to repairing and servicing of automobiles. She got out of her car, unlocked the trunk, gave the tube to be repaired to the attendant, and re-entered the car and sat there for about ten minutes. The attendant returned from the rear of the shop and told plaintiff that if she would walk back to the "watering trough", used to test the tubes and ascertain if air was escaping from them, he would show her there was nothing wrong with the tube. She followed closely behind the attendant to the rear of the shop where the trough was located. She noticed that as she progressed it was darker because "there seemed to be tires and some building partition or something on the west side. It was not as light at it should have been, or could have been. It seemed the windows were painted up a portion." After she had walked approximately 15 feet and was within a few feet of a partition which separated the water trough from the rest of the shop, her feet slipped and she fell to the floor. She was unable to testify what caused her to slip and fall, but after the fall her clothing was covered with grease and water. She did not particularly notice the floor before or after the accident. The attendant testified that when he invited plaintiff to come to the water trough the concrete floor of the shop in the immediate area was wet and there was a little grease on it. The presence of grease and water resulted from tire repairing activities. Two tractor tires had recently been repaired and in inflating these tires with water, some water had been allowed to spill on the floor. In addition he had been washing some tires in the water trough and had permitted some soapy water to spill on the floor. Another attendant testified to the same facts and explained that the soap that was used was light green in color and was not readily discernible when "spread out like it was"; but one would have to examine the floor closely to be able to see it. Another employee testified that customers have the privilege of visiting that area of the shop when they are having tires repaired, but he could not remember another occasion when a lady had been invited to that part of the shop.

Appellant urges that these facts are not sufficient to prove any violation of the duty it owed the plaintiff to use reasonable care to keep its premises in a reasonably safe condition, and that in any event the facts show that the plaintiff was contributorily negligent. It is contended that the evidence fails to prove that the injury was a result of a hidden or unexpected peril of which the defendant-appellant had knowledge. Counsel for appellant cites

numerous cases [1] in support of its conclusions that the presence of water on the floor does not alone establish negligence, and that the appellee knew, or should have known, of the condition of the floor and failed to discharge her duty to use due care in not observing the condition of the floor and conducting herself accordingly, and that the defendant under the circumstances was liable only for hidden or unexpected perils and for such hidden danger of which the defendant had knowledge.[2]

We recognize the force in the abstract of the legal propositions asserted by the appellant, but the question is whether the facts in the case authorize their application. The evidence shows that the defendant had knowledge of the dangerous condition of the floor and that the condition was not readily apparent but could be discovered only by a close examination. The testimony shows that the defendant's agents knew that the soapy water would cause the floor to become "mighty slippery." We have referred to the fact that the soapy and slippery condition was not readily discernible. It is clear that the testimony presented a question of fact for determination by the jury of whether the defendant complied with the duty admittedly owed the plaintiff to keep its premises in a reasonably safe condition for such express invitees as the plaintiff. It is furthermore clear that the jury was authorized to find that the dangerous condition of the floor was not readily apparent or discoverable by a casual look, and that the soapy condition which really gave rise to the danger could not have been discovered by one exercising ordinary care for her own safety.

The plaintiff was proceeding to a particular part of the premises where she had never been before at the express invitation of defendant's agent, who knew of the danger and failed to give her any warning. Plaintiff was obligated to keep a general lookout in the direction in which she was traveling and to use ordinary and reasonable care to avoid known or obvious dangers, but she was not obligated to make a critical examination of the floor to discover the non-apparent soapy and slippery condition and her admitted failure to do so does not establish contributory negligence as a matter of law.[3] Dempsey-Vanderbilt Hotel v. Huisman, 153 Fla. 800, 15 So.2d 903.

Under the evidence in the case, the questions of negligence and contributory negligence were properly submitted to the jury for its determination. The trial Court did not err in overruling the motion for a directed verdict nor in refusing to grant the motion for judgment notwithstanding the verdict.

Judgment affirmed.

---

1. Including Clyde Bar, Inc., v. McClamma, 152 Fla. 118, 10 So.2d 916; Batson v. Western Union Telegraph Co., 5 Cir., 75 F.2d 154; Moulden v. Jefferson Std. Life Ins. Co., 143 Fla. 344, 196 So. 688.

2. Appellant cites 65 C.J.S., Negligence, §§ 45-51, et seq., 526, 530, 541, 543, 545.

3. Southern Express Co. v. Williamson, 66 Fla. 286, 296, 63 So. 433, L.R.A.1916C, 1208; First Federal Savings & Loan Ass'n v. Wylie, Fla., 46 So.2d 396, 398.