ROBERTS, Justice
(dissenting).
Petitioners, father and daughter, were plaintiffs in suits filed by them to recover their respective damages for injuries sustained by the daughter when a glass-front swimming tank exploded because of the hydrostatic pressure of the water in the tank. The tank had been erected on the stage in the municipal auditorium owned by the city and being used under the sponsorship of a local civic group for a beauty contest. The daughter was a contestant and was, admittedly, free of fault. Named as defendants were the city and two firms responsible for constructing the tank and installing the glass front therein. The jury entered a verdict against the city and in favor of the plaintiffs. The other defendants were exonerated of liability — one by summary judgment in its favor and the other by verdict of the jury.
On the city’s appeal to the District Court of Appeal (First District) the appellate court held that the trial judge erred in refusing to grant the city’s motion for directed verdict made at the close of all the evidence and reversed the judgment entered against it. See City of Daytona Beach v. Baker, Fla.App., 98 So.2d 804, 806. It did so on the theory that the city’s liability must be determined under the principles of law applicable to “the relation of a landlord to an invitee of his tenant,” and on a finding that the evidence failed to show “that the landlord retained any control over the leased premises inconsistent with its pro *365 prietary rights, none of which were violated.”
On their petition for certiorari filed here to review the decision of the District Court of Appeal, the plaintiffs contend that the decision reversing the judgment against the city is in direct conflict with the many decisions of this court holding that “a party requesting a directed verdict admits both the fact in evidence and also every conclusion favorable to the adverse party which a jury might fairly and reasonably infer from the evidence,” Bourgeois v. Dade County, Fla. 1957, 99 So.2d 575, 577, and the decision of this court in Simms v. Kennedy, 1918, 74 Fla. 411, 76 So. 739, L.R.A.1918C, 297, respecting the obligation of a landlord to his tenant’s invitee when the lessor has entire or partial control of the premises. This contention is well founded.
From the facts recited in the opinion of the District Court alone, it is apparent that the jury had the right to find that the city not only had not relinquished entire control of the premises but also exercised control over the very appliance which resulted in injury to the daughter. Other evidence and admissions made by the city’s employees supported the plaintiff’s charge that the auditorium was under the control of the city at the time the accident occurred. Under the decision of this court in Simms v. Kennedy, supra, 76 So. 739, 740, the city was not liable if the evidence showed that at the time of the alleged injury the tenant “was in actual and exclusive possession, occupancy, and control of said building” under the terms of its rental agreement with the sponsor. There is not one scintilla of evidence as to the terms of such agreement. Even when construed most favorably in favor of the city, the evidence fell far short of showing that the sponsor “was in actual and exclusive possession, occupancy, and control” of the auditorium; and, clearly a finding that the evidence was insufficient as a matter of law, to support a verdict against the city in favor of the plaintiffs runs head-on into the many decisions of this court respecting the admissions made by a motion for directed verdict, as stated in Bourgeois v. Dade County, supra, quoted above.
I would, therefore, grant the writ of cer-tiorari and quash the order of the District Court of Appeal insofar as it is here attacked, with directions to affirm the verdict and judgment against the city in favor of the plaintiffs.
TERRELL, C. J., concurs.