115 So.2d 427 (1959)
Lillian CASTILLO, Appellant,
v.
BAKER'S SHOE STORES, INC., a Florida corporation, Appellee.
No. 1218.
District Court of Appeal of Florida. Second District.
October 30, 1959.
*428 Paul B. Johnson and H. Eugene Johnson, Tampa, for appellant.
George C. Winn and Fowler, White, Gillen, Humkey & Trenam, Tampa, for appellee.
SHANNON, Judge.
The appellant-plaintiff has taken an appeal from the entry of a summary judgment against her in the lower court in a negligence action. The summary judgment was granted upon the second amended complaint, answer of the defendant, interrogatories, depositions and affidavits.
The second amended complaint sought to hold the defendant liable for injuries plaintiff received in a slip and fall case in the lobby or entrance-way of defendant's retail shoe store. The complaint alleged generally that the defendant was possessed of and in control of the lobby floor and had the responsibility and duty of maintaining said floor in a reasonably safe condition; that plaintiff was proceeding to enter said store for the purpose of purchasing some merchandise; and, to quote from her second amended complaint:
"That Defendant negligently allowed said terrazzo floor to be in a slick and slippery and therefore unsafe condition, and allowed rainwater or a wet slippery substance to remain on said terrazzo floor, and Defendant, by the exercise of reasonable care, should have known of the dangerous and unsafe condition of said lobby floor, and Defendant negligently failed to warn Plaintiff of the dangerous and unsafe condition of said lobby floor, and said dangerous and unsafe condition was not know(n) to or observable by Plaintiff, and as a direct result of Defendant's negligence as aforesaid, Plaintiff was caused to fall while she was walking upon and using said lobby floor, and as a proximate result thereof, Plaintiff was permanently and seriously injured, in that Plaintiff received injuries in her lumbo-sacral area and to her right leg." (Emphasis added).
On motion to strike, the lower court struck the words "rainwater or" from the complaint and thereafter, on the various documents which we have enumerated, entered the summary judgment. The summary judgment found in part as follows:
"No evidence was introduced, by means of the depositions, affidavits or otherwise, to prove or to justify *429 any inference of any of the following matters: that the presence of the cigar butt on the terrazzo floor of the lobby of the defendant's store was the result of any act or omission on the part of the defendant's agents or employees, how long the cigar butt had been on the floor, that the defendant's employees or agents knew of its presence there, or that the cigar butt had been on the floor a sufficient length of time to charge the defendant with constructive notice of its existence. In the absence of any evidence that the defendant knew or should have known of the presence of the cigar butt on the lobby floor prior to the plaintiff's fall, the plaintiff has failed to show any negligence on the part of the defendant. Food Fair Stores of Florida, Inc. v. Patty, Case No. 29,554, Supreme Court of Florida, opinion filed February 13, 1959 [109 So.2d 5]; City of Jacksonville v. Hampton, District Court of Appeal of Florida, First District, opinion filed February 10, 1959 [108 So.2d 768]; Carls Markets, Inc. v. Meyer, 69 So.2d 789 (Fla. 1953); Connolly v. Sebeco, Inc., 89 So.2d 482 (Fla. 1956); Carls Markets, Inc. v. Leonard, 73 So.2d 826 (Fla. 1954); Kraver v. Edelson, 55 So.2d 179 (Fla. 1951). There being no genuine issue as to the defendant's knowledge of the presence of the cigar butt on the lobby floor prior to the plaintiff's fall, the same being a material fact, the defendant is entitled to judgment as a matter of law."
On this appeal plaintiff alleges the trial court erred (1) in striking the words "rainwater or" from the complaint, (2) in finding that there was no evidence of how long the cigar butt had been on the floor so as to charge the defendant with constructive notice of its existence, and (3) in finding from the evidence that there was no genuine issue as to the defendant's knowledge of the presence of the cigar butt.
The action of the trial court in striking from the complaint the words "rainwater or" is harmless in view of the theory of the plaintiff's case, as made out in the various pleadings before the court and in her deposition as well as the deposition of her witness, William Dunlap, that she slipped on a wet cigar butt.
The facts, which are uncontroverted in the various pleadings, show that the time of the accident was approximately 1:00 p.m.; that it had rained several hours on the day in question and was at the time of the accident either raining slightly or misting. In the words of the plaintiff contained in her deposition:
"Q. What was the condition of the weather at the time, or during the day. * * * A. Well, it * * *.
"Q. * * * prior to your fall? A. It rained real hard, but at the time, it was just sprinkling, not hardly hard enough to get wet. I didn't have a raincoat or umbrella on.
* * * * * *
"Q. Now Mrs. Castillo, what was the cause of your slipping down and falling? A. I don't know.
"Q. Did you slip because there was water on the terrazo floor of the lobby? A. I don't know whether it was because of the water or what it was, because, at the time, I didn't look to see."
* * * * * *
"Q. Do you know what the cause of your fall was? A. Yes.
"Q. What was it that caused it? A. There was a cigar butt on the floor in the lobby, and I stepped on it. It had been rained on, and was wet."
And according to the deposition of William Dunlap in which he stated:
"Q. Was it the sound of her falling, then, that caused you to look around? A. Yes.

*430 "Q. After you looked around and saw that she had fallen, what did you see on the floor of the lobby? A. Well, after I picked her up I saw a cigar butt. It was wet and it had been stepped on and mashed."
Thus it appears the cause of the fall was the stepping on the cigar butt. The deletion of the allegation did not restrict the plaintiff's testimony in the summary proceeding because, as shown, she testified that the cigar butt was on the floor in the lobby and that the cigar butt had been rained on and was wet. There was testimony also that the lobby was wet because of the rain. According to the affidavits of W.W. Minton, manager, and Lemmie Mitchell, Jr., janitor and stock man of the store, no one who was connected with the defendant had any knowledge of the cigar butt being on the lobby floor. The lobby floor was in good condition and had been inspected around noon of the day that the plaintiff fell, and there was no substance, other than possibly rainwater, on the lobby floor.
The plaintiff having announced that she had no further evidence to offer in opposition to the defendant's motion for summary judgment, this case then narrows itself down to whether there were any genuine issues as to the defendant's knowledge of the presence of the cigar butt on the lobby floor prior to the plaintiff's fall.
From what we have said it is quite obvious that the plaintiff's theory in this action is necessarily recovery based on the presence of the cigar butt on the premises owned or controlled by the defendant, but the record is devoid of any evidence that the cigar butt had been lying on the floor a sufficient length of time to charge the defendant with constructive knowledge or that it had been put there by a servant or agent of the defendant. Nor is there any inference that the court or a jury could properly draw. We think that the quoted portion of the trial court's summary judgment correctly states the facts and the law with reference to them in this particular case.
In Food Fair Stores of Florida, Inc. v. Patty, Fla. 1959, 109 So.2d 5, 6, Justice Thornal stated the law to be:
"We think that this position erroneously places the burden of proof on the grocery store whereas under the prior decisions of this court the burden of proving negligence rests with the complainant. The established rule in this state is that if the dangerous condition of the floor is created by a servant or agent of the owner, or even if created by an outsider, and the condition is one which has existed for sufficient length of time that the owner should have known of it, then under these circumstances the owner may be held liable for ensuing injuries. Carls Markets, Inc. v. Meyer, Fla. 1953, 69 So.2d 789. * * *."
In the case of Kraver v. Edelson, Fla. 1951, 55 So.2d 179, 180, our Supreme Court sustained a directed verdict for the defendant upon very similar facts to those in the instant case, the court saying:
"The declaration alleged that the defendants were negligent in permitting the cigar butt to remain on the terrace because the defendants knew of its presence, or by the exercise of reasonable and ordinary care, should have known of its presence."
The evidence in the Kraver case, supra, showed that the doorman of the hotel had walked over the cigar butt several times before the accident occurred, but our Supreme Court said:
"This was the only testimony as to any dangerous condition or that the hotel manager or operator or the employees knew, or should have known, that the cigar butt was there. This testimony is uncontradicted and it falls far short of showing any dangerous condition which the hotel manager or owners or their employees knew, or *431 by the exercise of reasonable diligence, could have known.
* * * * * *
"This is not a case where some slippery substance such as banana peelings, floor cleaning substance, wax, soapy water, or syrup was left on a floor where the public was invited. There is nothing slippery about a cigar butt, and to place upon managers and operators of hotels the duty and responsibility of having employees constantly on guard in the lobbies, around the steps, terraces and sidewalks leading into hotels, to observe such objects as a cigar butt as described in this case, would place upon them an intolerable burden."
While the Kraver case, supra, does not deal with the question of summary judgment, yet it does deal with and is conclusive of the legal question involved in the present case.
We refer again to Food Fair Stores of Florida, Inc. v. Patty, supra, where our Supreme Court stated [109 So.2d 7]:
"While we have consistently urged caution in the exercise of the power to grant summary judgments, we have also taken note of the propriety of exercising the authority in appropriate situations as a means of expediting the disposition of baseless litigation. When, as here, there is no conflict over any genuine material issue of fact, is (sic) is appropriate to grant a summary judgment. * * *."
Neither the presence of "rainwater" under the circumstances in this case, nor the cigar butt, absent proof of actual or constructive knowledge on the part of the defendant, alone, would have justified submitting this case to a jury, and a combination of the two would not have been more effective.
Affirmed.
ALLEN, C.J., and KANNER, J., concur.