184 So.2d 196 (1966)
H.E. DRUM, Appellant,
v.
The PURE OIL COMPANY, an Ohio Corporation, R.V. Jones and Irene Jones, His Wife, and Doster B. McGlamaory, Appellees.
No. 186.
District Court of Appeal of Florida. Fourth District.
March 21, 1966.
*197 Rohan P. Kelley, of Kelley, Tompkins & Griffin, Fort Lauderdale, for appellant.
Norman C. Roettger, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellees Jones and Pure Oil Co.
Charles J. Rich, Fort Lauderdale, for appellee Doster B. McGlamaory.
SMITH, Chief Judge.
Appellant was the plaintiff in the trial court. He sued the defendants seeking damages for a slip and fall. The court entered a summary final judgment for the defendants, The Pure Oil Company, R.V. Jones and Irene Jones, his wife. The court found that there was no breach of any duty owed by those defendants to the plaintiff and it entered final judgment in favor of those defendants from which the plaintiff appealed. We are not concerned with the cause that remains against the defendant, Doster B. McGlamaory.
The facts essential for decision are not in material dispute. The defendants, Jones, owned the property. Through a lease and mortgage arrangement they constructed a gasoline filling station. The lease was to defendant, The Pure Oil Company, which leased back to Jones. These leases were in writing for a term of years creating a landlord and tenant relationship. Then Jones orally leased the property to McGlamaory with rent payable monthly. McGlamaory was in possession of the property for about eighteen months. There were signs on the premises advertising Pure Oil products, McGlamaory bought petroleum products from Pure Oil for cash and sold the same for his own account, and he engaged in other lines of business, including the sale of fishing bait. Neither the oil company nor Jones controlled McGlamaory's methods of operation. McGlamaory hired and fired his own employees, set his own prices and established his own opening and closing hours. When plaintiff, Drum, stopped at the station in order to buy minnows, he slipped and fell on an accumulation of grease adjacent to the lubrication rack within the station.
The first theory advanced by plaintiff in endeavoring to show a duty owed by Jones to plaintiff is that the tenancy existing between Jones and McGlamaory began anew on the first day of each month and that plaintiff slipped on the first day of the month, and, therefore, the landlord, Jones, owed a duty on that day at the beginning of the period of that lease to have the premises in a safe condition. By urging a new tenancy at the beginning of each *198 month plaintiff endeavors to bring himself under the principle of law that a landlord is liable to third persons for injuries caused by defects in the leased premises when the defect in or condition of the premises at the time of the lease was a violation of law or was in the nature of a nuisance as announced in Simms v. Kennedy, 1917, 74 Fla. 411, 76 So. 739, L.R.A. 1918C, 297.
Under such a theory a tenancy from month to month is not regarded as a continuing tenancy but is one for recurring monthly periods commencing each month. The authorities from other jurisdictions are not in accord. Some have held that the continuation of such a tenancy involves the same liability as an actual reletting while others have taken the view that the monthly tenancies are of such continuing character that the landlord is not even constructively in possession at the termination and renewal of the tenancy. 32 Am.Jur., Landlord and Tenant § 760; 51 C.J.S. Landlord and Tenant § 145 and Annot., 39 A.L.R.2d 973 (1955). Plaintiff by advancing this theory concedes that, where the lessee is in entire possession, occupancy and control of the premises, and the premises were in good condition when leased, the lessor is not liable in damages for injuries to third persons caused by defects in the premises. Simms v. Kennedy, supra. We assume arguendo that the condition of the premises on the day of the fall constituted a nuisance.
We need not turn to the authorities in other jurisdictions. F.S.A. § 83.01 provides that any lease of lands and tenements shall be deemed and held to be a tenancy at will unless the same shall be in writing and signed by the lessor. Such tenancy shall be for the period to be determined by the periods at which the rent is payable. The tenancy between Jones and McGlamaory was, therefore, by statute, a tenancy at will from month to month. F.S.A. § 83.03 provides that such a tenancy may be terminated by giving notice not less than fifteen days prior to the end of any monthly period. In Florida such a tenancy is by statute continuous until terminated; therefore, such a tenancy does not terminate at the end of each month and arise anew at the beginning of each month.
In seeking to recover against both Jones and Pure Oil plaintiff urges that the facts show that defendant, McGlamaory, was the actual or apparent agent or employee of the defendants, Jones and Pure Oil. In the alternative plaintiff contends that these defendants' apparent agency is established by the principle of estoppel. A review of the facts discloses that there was no evidence of employment, agency or apparent agency which would show liability on the part of Jones and Pure Oil. The facts here are similar to the facts in Cawthon v. Phillips Petroleum Company, Fla. App. 1960, 124 So.2d 517, 83 A.L.R.2d 1276, wherein the court fully discussed these theories of liability and affirmed the entry of summary judgment. One case cited by the court in that decision was upon facts almost identical to the case at bar wherein it was found that the operator of the filling station was an independent contractor. Miller v. Sinclair Refining Company, 5 Cir.1959, 268 F.2d 114. In Cawthon the court specifically approved the principle announced in Miller that where the oil company did not control the filling station operator's methods of operation or the hiring or firing of employees, did not set the retail price for gasoline sold at the station or hours of opening or closing, could not require reports on operations from the operator and could not force him to comply with suggestions, except to the extent that it had power to cancel the franchise, then the operator was an independent contractor. We find that McGlamaory was an independent contractor in the operation of the filling station. He was in entire possession and control of the station; therefore, Jones and Pure Oil are not liable for the injuries to the plaintiff. Gross v. Hatmaker, Fla. App. 1965, 173 So.2d 158.
The pleadings and proofs show that there was no genuine issue as to any material fact *199 and that Jones and Pure Oil were entitled to a judgment as a matter of law.
Affirmed.
ANDREWS, J., and BARNS, PAUL D., Associate Judge, concur.