JOHNSON, Judge.
Blanche Stone, deceased, of whose estate the appellant is administrator, was riding as a guest in an automobile owned and operated by the appellee Ann L. Chichester, at the time it was involved in a collision with an automobile owned by Mary L. Fulton, but occupied by parties whose names were Mr. and Mrs. Denmark, and which resulted in Blanche Stone’s death.
It appears from the record that suit was brought by the appellant herein against both Chichester arid Fulton. A default judgment was entered against the defendant Fulton, and at the time of trial, the court directed the jury to assess damages against Fulton, which was done in the amount of $30,000.00. After all the evidence was in concerning liability of the defendant Chichester, under the Guest Passenger Statute of Florida, a motion for a directed verdict of not guilty was requested and granted the defendant Chichester. A motion for a new trial was made, but denied. It is from this order denying the new trial and that portion of the judgment finding the defendant Chi-chester not guilty that this appeal is taken. The only assignment of error is that the court erred in directing a verdict of not guilty for the defendant Chichester at the close of plaintiff’s case.
We are confronted with only one question and that is whether or not the evidence was sufficient to have supported a verdict of guilty of gross negligence under the “Guest Passenger” Statute, had the case been permitted to be decided by the jury.[1] The trial court determined this question in the negative, and we think correctly so.
In view of the language of the Supreme Court of Florida as found in Cormier v. Williams, 148 Fla. 201, 4 So.2d 525, wherein Florida’s Guest Passenger Act[2] is construed, although the statute-states tha.tthe question of “ * * * gross negligence * * shall in all such cases be solely for the jury *109 * * * ”, the trial judge is not precluded from determining the legal sufficiency of the evidence when such question is duly presented. We have consistently held that we will not substitute our judgment for that of a jury or trial court in the absence of an abuse of discretion by the court or a lack of material evidence to support the finding of a jury. In the case sub judice we see no particular value in reciting in detail the evidence, but feel it sufficient to say that from a study of the record of the evidence, we find no abuse of discretion of the trial court, but do find that he exercised his proper authority in directing a verdict of not guilty of gross negligence.[3]
The order appealed is therefore affirmed.
WIGGINTON, Acting C. J., and SPEC-TOR, J., concur.

. Godwin v. Ringley, 126 So.2d 163 (Fla.App.2d, 1961).

. F.S. § 320.59, F.S.A.

. Pensacola, St. Andrews & Gulf S.S. Co. v. Austin, 63 Fla. 241, 58 So. 611; Clyde Bar, Inc. v. McClamma, 152 Fla. 118, 10 So.2d 916.