WALDEN, Judge
(dissenting).
I respectfully dissent.
As noted, this is a slip and fall case. Summary final judgment was entered for the defendant. Plaintiffs appeal. I would affirm.
Plaintiff, wife, was a business invitee upon defendant’s retail store premises. While Mrs. Ferguson undoubtedly fell and was injured, she does not know why, how, or the causative factor behind her fall. There were no witnesses. The floor area was clean, dry and well lighted.
One of defendant’s employees stated that he found a piece of cardboard with dimensions of 2" x 5" in the fall area. However, no one knows how the cardboard came to be in the area, how long it had been there or, indeed, if it played any part in causing Mrs. Ferguson to fall. The area had been inspected as late as twenty to twenty-five minutes before the fall and the cardboard was not seen.
Assuming the cardboard somehow caused Mrs. Ferguson to fall, liability on the part of defendant would only follow in the event plaintiff established that defendant knew of its existence on the floor or that it had been there a sufficient length of time for the defendant to have discovered the same by the exercise of ordinary care and to have remedied the condition before the plaintiff, wife, fell. Carls Markets, Inc. v. Meyer, Fla.1953, 69 So.2d 789. Here, though, there is no evidence or inference that defendant created the condition or knew, constructively or otherwise, of its existence.
I would affirm upon authority of Marlo Investments, Inc. v. Verne, Fla.App.1969, 227 So.2d 58; Holl v. Talcott, Fla.1966, 191 So.2d 40; Gross v. Hatmaker, Fla.App.1965, 173 So.2d 158; Grand Union Supermarkets, Inc. v. Griffin, Fla.App.1963, 156 So.2d 788; Food Fair Stores of Florida, Inc. v. Patty, Fla.1959, 109 So.2d 5; Castillo v. Baker’s Shoe Stores, Inc., Fla.App.1959, 115 So.2d 427; Messner v. Webb’s City, Inc., Fla.1952, 62 So.2d 66.