# Snead v. The State.

*Violating Prohibition Law.*

(Decided February 14, 1913.   61 South. 473.)

1. *Appeal and Error; Record; Presentation Below.*—Where the bill of exceptions does not set out a requested charge nor show any action of the court thereon, such charge cannot be reviewed on appeal.

[Snead v. The State.]

2. *Witnesses; Credibility; Jury Question.*—Whether the testimony of a witness should be credited or accorded any weight is a matter entirely within the province of the jury to determine.

3. *Intoxicating Liquors; Illegal Sale; Evidence.*—When, at the time accused was seen to have delivered a half pint bottle containing liquor, he had in the buggy, in which he was then riding, two suit cases containing half pint bottles of whisky, it sufficiently appeared that the liquid in the bottle delivered was whisky.

APPEAL from Bullock Circuit Court.

Heard before Hon. M. SOLLIE.

John Henry Snead was convicted of violating the prohibition law, and he appeals. Affirmed.

TOM S. FRAZER, for appellant. Counsel discusses and analyzes the evidence and insists that defendant was entitled to the affirmative charge, but cites no authorities in support of his contention.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

PELHAM, J.—Counsel for appellant, in a well-prepared brief, carefully analyzes the evidence offered on the trial and argues that it was not sufficient to authorize a conviction of any offense charged in the indictment, and contends "that the affirmative charge, as requested by the defendant, should have been given." The transcript, however, does not show any action of the court in passing on a request for the general charge asked in behalf of the defendant that would authorize this court to review the ruling or action of the trial court in that particular. The record does not even show that the defendant requested the general charge, and no such charge is set out in any part of the transcript.

We may say, however, that we have examined the evidence set out in the bill of exceptions and find that there was sufficient evidence before the court to author-

ize a submission to the jury of the question of the defendant's guilt of having unlawfully disposed of prohibited liquor, or of his having kept in his possession such liquors with the intention of selling the same.

Whether or not the testimony of the state's witness Cameron was to be credited or accorded any weight was a matter entirely for the jury, in exercising its discretion as triers of the facts, to pass upon.

There was ample evidence from which the jury might properly draw the inference that the liquor in the half-pint bottle that the witness Cameron testified he saw the defendant deliver to a negro was prohibited liquor, i. e., whisky. One of the suit cases, containing some 40 half pints of whisky shown to have been in the defendant's buggy when he drove off from the railroad station at the time and on the occasion in question, was produced on the trial, and the evidence of the defendant and the defendant's witness Cole showed that at the time of the transaction testified to by Cameron these half-pint bottles containing whiskey were in the defendant's buggy, in which Cole and the defendant were riding. The sheriff, who made the arrest and seized the bottles, testified that it was whisky, and that there were 34 half pints in one suit case and 48 in the other.

No other error is insisted upon and argued, except the refusal of the court to give the general charge for the defendant, a fact not shown by the record; but we have examined the entire transcript and find no error authorizing a reversal of the case, and a judgment of affirmance will therefore follow.

Affirmed.