## GENEVA MILL CO. v. ANDREWS.

(Circuit Court of Appeals, Fifth Circuit. February 8, 1926.)

No. 4537.

1. **Master and servant** ⊚⟿256(3)—**Performance of duties by injured employee held sufficiently averred as against general demurrer.**

Declaration alleging relationship of master and servant, and plaintiff's employment by defendant at time of injury in connection with operation of log loader near skidder, crew of which caused injury by dragging log against plaintiff, sufficiently averred, as against general demurrer, that plaintiff was engaged in performance of his duties.

2. **Master and servant** ⊚⟿259(1)—**Injured employee need not deny in declaration negligent act was being jointly performed by himself and fellow servants (Rev. Gen. St. Fla. 1920, §§ 4971–4973).**

In action under Rev. Gen. St. Fla. 1920, §§ 4971–4973, making employers in certain hazardous occupations liable for injuries to employees caused by negligence of fellow employees, unless jointly performing act causing injury, plaintiff need not deny in declaration that act was being jointly performed by himself and fellow servants.

3. **Negligence** ⊚⟿111(1)—**Allegation of sufficient acts causing injury, with averment that they were negligently done, is sufficient.**

Where negligence is basis of recovery, it is not necessary to set out in declaration facts constituting negligence, but allegation of sufficient acts causing injury, with averment that they were negligently and carelessly done, is sufficient.

4. **Master and servant** ⊚⟿286(40)—**Whether prudent employer would have warned employee, struck by log and whether skidder crew saw or could have seen him in time to give warning or suspend operations, held for jury (Rev. Gen. St. Fla. 1920, §§ 4971–4973).**

In action under Rev. Gen. St. Fla. 1920, §§ 4971–4973, for injuries to employee struck by unusually long log being placed on pile by machinery on skidder, evidence *held* sufficient to take to jury questions whether members of skidder crew saw or could have seen plaintiff in time to give warning or suspend operations, and whether prudent employer would have warned plaintiff under circumstances.

5. **Master and servant** ⊚⟿89(1) — **Employee held not precluded from recovery because he had stopped work to warm himself by fire at place of injury (Rev. Gen. St. Fla. 1920, §§ 4971–4973).**

Employee was not precluded from recovery, under Rev. Gen. St. Fla. 1920, §§ 4971–4973, for injuries from being struck by log being placed on pile by machinery on skidder, because

he had stopped work long enough to warm himself by fire at place of injury.

**6. Master and servant ⬥180(1)—Employee engaged in railroading, protected by Hazardous Occupation Act, though employer was not so engaged in using skidder to pile logs (Rev. Gen. St. Fla. 1920, §§ 4971–4973).**

In action under Florida Hazardous Occupation Act of 1913, for injury to railroad employee, struck by log being placed on pile by machinery on skidder, it was immaterial that defendant was not engaged in railroading in such use of skidder; employee engaged in such hazardous occupation being protected by statute.

**7. Master and servant ⬥265(4)—Charge that negligence is presumed on proof of injury and that burden was on employer to show care held erroneous (Rev. Gen. St. Fla. 1920, §§ 4971–4973).**

In employee's action under Florida Hazardous Occupation Act of 1913, it was error to charge that presumption that defendant employer was negligent arose from proof of injury to plaintiff, and that burden was on defendant to show due care and diligence.

**8. Trial ⬥296(7)—Error in charge that presumption of employer's negligence arose from proof of employee's injury and that burden was on employer to show due care, held not cured by subsequent charge to contrary, or testimony as to employer's negligence (Rev. Gen. St. Fla. 1920, §§ 4971–4973).**

In action under Florida Hazardous Occupation Act of 1913, error in charge that presumption of negligence arose from proof of injury, and that burden was on defendant to show due care and diligence, was not cured by subsequent charge to contrary, where court repeated charge in substance while exceptions were being taken just before jury retired, nor was it rendered harmless by testimony tending to prove defendant's negligence, where evidence was in direct conflict on vital issue whether plaintiff was warned of danger.

In Error to the District Court of the United States for the Northern District of Florida; William B. Sheppard, Judge.

Action by J. W. Andrews against the Geneva Mill Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded for new trial.

Wm. H. Watson and S. Pasco, Jr., both of Pensacola, Fla., for plaintiff in error.

Philip D. Beall and John M. Coe, both of Pensacola, Fla., for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Andrews, plaintiff, recovered judgment for personal injuries sustained by him while he was in the employ of the Geneva Mill Company, defendant. The action was brought under the Florida Hazardous Occupation Act of 1913, which makes employers engaged in certain hazardous occupations, including "railroading," liable in damages for injuries to their employees, caused by the negligence of their other employees. Revised General Statutes of Florida, §§ 4971, 4972, 4973.

The declaration alleges that defendant was engaged in the hazardous occupation of railroading, and maintained a steam railroad for the transportation of logs in Walton county, Fla.; that as a part of the equipment of its railroad defendant operated and maintained a railroad car, known as a "skidder," by means of which logs were dragged from the woods to the railroad track, and also maintained another car, known as a "loader," by means of which the logs, after being handled by the skidder, were picked up and loaded upon other cars; that, at the time of his injury, plaintiff was employed by defendant in connection with the operation of the loader, which was located near the skidder. The act of negligence charged is that defendant, by its agents and servants in charge of the skidder, dragged a log of great size and weight against and upon plaintiff. Injury as a result of the act complained of was then alleged.

The District Court overruled a demurrer to the declaration, the principal grounds of which were that the declaration failed to allege that plaintiff was acting within the scope of his employment, and that the injury complained of was alleged to be due to the negligence of fellow servants. On the day plaintiff was injured, the loader and skidder were on the same spur track. There was attached to the skidder by a 40-foot "rooster" pole a water tank car, which was between the skidder and the loader, and about 60 feet from the latter. Plaintiff's duty was to take firewood from wood piles and elsewhere near the track and place it on the loader. The spur track extended in an easterly and westerly direction. During the day one of the skidder crew built a fire on the north side of the spur track, and within a few feet of the end of the tank car, next to the loader. Plaintiff stopped at this fire to warm his feet, and while he was there the skidder crew, by means of machinery on the skidder, pulled a log of unusual length from a point south of the spur track across the rooster pole, and then swung it around to place it in a pile of logs on the north side. The log was long enough to reach plaintiff, where he stood at the fire, and it struck and injured him as it was being put into place.

According to plaintiff's testimony he was at the fire long enough to be seen and warn-

ed, but he claims he received no warning. He was contradicted by one Myers, a member of the skidder crew, who testified that he had been at the fire a moment before, and was warned away by the operator of one of the drums used to handle logs. The operator of the drum and the flagman testified that they saw Myers and called to him to get out of the way. One theory of the defense is that plaintiff came to the fire the instant before he was injured, and that there was not time enough to give him a warning. At the conclusion of all the evidence, the trial court denied a motion to direct a verdict for defendant, and exception was duly taken.

The court charged the jury that there was a presumption of law that plaintiff's injury was due to the negligence of defendant's other employees, and that this presumption continued until defendant made it appear that it or its agents and servants, other than plaintiff, had exercised all ordinary and reasonable care and diligence. At the request of defendant the court charged that the jury were not authorized to presume negligence, but that the burden was on plaintiff to prove, not only the fact of the injury, but negligence also. At the conclusion of the whole charge defendant excepted to those portions of it which declare that there was a presumption of negligence, which the defendant was required to rebut. Defendant argued that the Hazardous Occupation Act did not relieve plaintiff of the burden of proving negligence, but the court replied that the statute seemed to him to apply the rule that the burden of proof was on defendant.

It is assigned as error that the court erred in overruling the demurrer to the declaration, in refusing to direct a verdict for defendant, and in charging the jury that upon proof of plaintiff's injury the presumption arose that defendant was guilty of the negligence charged in the declaration.

[1-3] The declaration alleges the relationship of master and servant, and that at the time of the injury plaintiff was employed by defendant in connection with the operation of the loader. While the averment is inartificial, we think it sufficiently appears as against a general demurrer that plaintiff was engaged in the performance of his duties. It is true that the declaration alleges the negligence of fellow servants, but the statute under which the action was brought authorizes recovery for an injury caused by the negligence of fellow servants, unless the employee injured and the employee at fault were jointly engaged in performing the act causing the injury. Rev. Gen. Statutes, §§ 4972, 4973.

Under the rules of pleading which prevail in Florida, it was not incumbent on plaintiff to deny in his declaration that the act which caused his injury was being jointly performed by himself and a fellow servant. Where negligence is the basis of recovery, it is not necessary to set out in the declaration the facts constituting the negligence, but "an allegation of sufficient acts causing the injury, coupled with an averment that they were negligently and carelessly done," is all that is required. S. A. L. Ry. v. Good, 84 So. 733, 79 Fla. 589. It was not error to overrule the demurrer to the declaration.

[4, 5] There was evidence for plaintiff from which the jury could infer that members of the skidder crew saw him, or could have seen him, in time to give warning or to suspend their operations and avoid the injury. The operator of one of the drums and the flagman admit they saw Myers at about the same place where plaintiff was standing when he was injured. The fact that the log which was being handled was of unusual length emphasized the advisability of care to avoid injuring employees who might be in danger. The jury might well have found that a prudent employer would have given warning under such circumstances, and under the statute employees are held to the same degree of care as are employers. Plaintiff was not precluded from recovery merely because he stopped work long enough to warm himself by the fire. 18 R. C. L. 582; Harvey v. T. & P. Ry. Co., 166 F. 385, 92 C. C. A. 237.

[6] It is immaterial that defendant, in the use which it made of the skidder, was not engaged in railroading. It is not denied that plaintiff was engaged in railroading, and came within the protection of the Hazardous Occupation Act. The test is the employment of plaintiff. If an injured employee is engaged in a hazardous occupation, he is protected by the statute. G., F. & A. Ry. Co. v. King, 74 So. 475, 73 Fla. 325; A. C. L. Ry. Co. v. Holliday, 74 So. 479, 73 Fla. 269. It was not error to refuse to direct a verdict for defendant.

[7, 8] The Supreme Court of Florida has held that in suits of this kind there is no presumption that the employer was negligent, but that the burden of proving negligence is on the plaintiff. A. C. L. Ry. Co. v. Gardner, 61 So. 473, 77 Fla. 305; Charlotte Harbor, etc., Co. v. Truette, 87 So. 428, 81 Fla. 152. It was therefore error to charge that a presumption that defendant was negligent arose from proof of injury and that the burden was on defendant to show due care and diligence. That error was not cured by a

charge subsequently given at defendant's request to the contrary effect, because the court emphasized its previous charge that the burden was on defendant by repeating it in substance while exceptions were being taken just before the jury retired. Nor was the error in the charge rendered harmless by the fact that plaintiff introduced testimony tending to prove defendant's negligence. Plaintiff's whole case depends on whether he was given a warning of danger. He testified that the warning was not given, but Myers, a witness for defendant, testified that the warning was given, and that he gave it. The evidence was therefore in direct conflict on the vital issue in the case. If the testimony of plaintiff and Myers were considered by the jury equally credible, as it may have been, they could well have rendered their verdict for plaintiff, for the reason that the evidence was equally balanced, and hence defendant had not overcome the presumption of negligence, as it was required to do by the charge of the court. If the jury had thought that the burden of proof was on plaintiff, they might have found a verdict for defendant. Therefore it cannot reasonably be contended that the error was harmless.

There are other assignments of error, but they need not be considered, as the questions raised by them may not arise on another trial.

Because of error in the charge of the court, the judgment is reversed, and the cause remanded for a new trial.