NETTIE MOULDEN, a Widow, v. JEFFERSON STANDARD LIFE INSURANCE COMPANY.

196 So. 688
Division A
Opinion Filed June 7, 1940

*W. K. Whitfield, Jr.*, and *George P. Garrett*, for Plaintiff in Error;

*Giles & Gurney*, for Defendant in Error.

TERRELL, C. J.—Plaintiff in error brought this action to recover personal injuries incurred from slipping and falling on the lobby floor of a public office building, the property of defendant in error. Plaintiff was an elderly lady and the slippery condition of the floor was due to moisture incident to weather conditions. The original and two amended declarations went down under demurrer, final judgment was entered for the defendant, and writ of error was prosecuted.

The sole question is whether or not the declaration as amended was sufficient to withstand demurrer.

There is no dispute about the facts. Plaintiff in error

relies on Section 4, Declaration of Rights, Constitution of Florida, as basis for recovery. If the owner of the building had been the insurer of the safety of the plaintiff as an invitee on its premises, there might be substance to this contention but since there are degrees in care as well as in negligence, the question presented turns on the degree of care the declaration alleges that the owner took to safeguard those entering its premises.

The mere fact of receiving bodily injuries does not entitle the victim to recover damages. Section 4, Declaration of Rights, does not change the general law on the subject. It must be shown that some one was negligently responsible for or contributed to the injury. The floor on which the accident in question took place was one where the public was invited to go. It was the type of floor in general use, was in good condition at the time, and had at all times been kept in workmanlike order.

The owner was on notice that it was required to exercise ordinary and reasonable care for the safety of the plaintiff. The declaration does not allege that it failed in this. One going on the street or in other public places is required to exercise due care to protect his own safety. Corporate and other individuals cannot be held responsible for injuries that arise incident to approved conditions that are plainly observable and fault is not made to appear.

Even when relying on defective workmanship or failure to keep the structure in repair, the declaration must allege knowledge thereof on the part of the defendant and that such knowledge must have existed sufficiently long to have put defendant on notice of the defective condition. City of Daytona v. Edson, 46 Fla. 463, 34 So. 954; Christopher Company v. Russell, 63 Fla. 191, 58 So. 45; Turlington v. Tampa Electric Company, 62 Fla. 398, 56 So. 696.

The declaration is vulnerable to the assault made on it so the judgment is affirmed but with leave to amend if so advised.

Affirmed.

BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.