NETTIE MOULDEN, a Widow, v. JEFFERSON STANDARD
LIFE INSURANCE COMPANY, a Corporation Under the
Laws of North Carolina.

2 So. (2nd) 302
Division A
Opinion Filed May 3, 1941
Rehearing Denied May 27, 1941

*G. P. Garrett* and *W. K. Whitfield*, Jr., for Plaintiff
in Error;

*Giles & Gurney,* for Defendant in Error.

ADAMS, J.—From final judgment adverse to plaintiff
we consider the sufficiency of the declaration to state
a cause of action. The plaintiff, an invitee, charges
the defendant "did not then and there furnish the
plaintiff with a safe floor on and over which to pass
. . ." The declaration is defective.

This case was before this Court once before where
it was said (Nettie Moulden v. Jefferson Standard
Life Insurance Company, 143 Fla. 344, 196 So. 688):

"If the owner of the building had been the insurer of the safety of the plaintiff as an invitee on its premises, there might be substance to this contention . . ."

The law is well settled that the owner of a building is not an insurer of the safety of his invitees. The duty owed to plaintiff by defendant was the exercise of a reasonable degree of care commensurate with the attending circumstances for the plaintiff's safety. Southern Express Company v. Williamson, 66 Fla. 286, 63 So. 433; Christopher Company v. Russell, 63 Fla. 191, 58 So. 45; Turlington v. Tampa Electric Company, 62 Fla. 398, 56 So. 696.

To charge the defendant with actionable negligence it must be shown that the defendant failed and neglected to fulfill that duty. To charge the defendant with failure to furnish a safe floor is to require a higher degree of care than the law recognizes. Such requirement would make the defendant an insurer.

The judgment is affirmed.

BROWN, C. J., WHITFIELD and BUFORD, J. J., concur.