53 So.2d 771 (1951)
FOLEY et ux.
v.
HIALEAH RACE COURSE, Inc.
Supreme Court of Florida, Division B.
August 3, 1951.
Brown & Dean, Miami, for appellants.
George J. Baya, Miami, for appellee.
ADAMS, Justice.
We review a judgment holding plaintiff's complaint was insufficient to state a cause of action.
The complaint alleged that defendant maintained a park where horse racing was conducted; that auxiliary thereto defendant maintained a parking lot as a convenience to its patrons; that defendant "carelessly and negligently supervised, maintained and controlled the said race park and parking area, in that there were an insufficient number of traffic attendants; that the said attendants were improperly stationed; that the said attendants were not performing their duties; and that there were insufficient traffic warning devices and controls."
Plaintiff asserts that by reason of defendant's neglect, while driving his own automobile, he collided with an automobile being driven by a third party, who was departing from the parking lot, and was damaged.
The judgment is correct. There is nothing inherently dangerous about a parking lot. No factual allegation is made to indicate a breach of duty which proximately contributed to plaintiff's injury. The allegations are too vague and general to state a cause of action. The proximate cause of plaintiff's injury was by no act of defendant. See Rosen v. City of Miami, 141 Fla. 664, 193 So. 749; Williams v. Atlantic Coast Line R. Co., 56 Fla. 735, 48 So. 209, 24 L.R.A.,N.S., 134.
The judgment is affirmed.
SEBRING, C.J., and CHAPMAN and ROBERTS, JJ., concur.