DREW, Justice.
Appellants, plaintiffs in the lower court, sued appellee, defendant below, for injuries received by the wife as a result of walking into and stumbling over a seat which protruded into the aisle of appellee’s store in Daytona Beach.
The complaint alleged inter alia that defendant, disregarding its duty to furnish plaintiff, a customer, a safe place to transact her business in said store, did “carelessly and negligently provide and maintain a certain seat, which seat was fastened to the side of a counter, and which could be raised and locked so that it extended out into one of the aisles provided for customers to walk through. And that when thus raised and locked into place extended out into the aisle a distance of a foot or more, and constituted a definite obstruction across the aisle said distance, and was in effect a trap for any customer who might use the said aisle, particularly when the customer was engaged in observing the various merchandise on the counters of the defendant. That the said seat, when thus extended was blonde in color and very closely matched the color of the light terrazzo floor and of the blonde counter *772 upon which it was fixed. That the said store was brilliantly lighted so that-.the seat blended as a part of the - floor, and counter, causing it to. be unnoticed, and of almost the same color, and texture of the counter and. floor.
“That the construction and maintenance of the said seat, which could become raised and fixed as an obstruction into the aisle, was at said time and place a continuing source of danger * * * to the plaintiff, Olive G. Brisson, and that such arrangement and such obstruction, * * * and that the inherent dangerous arrangement of said seat so that it could be fixed as a trap into the aisle was known, or should have been known, by the defendant to be negligent. That the said seat thus described was on a hinge so that it hung down by the side of the counter when the seat was not in use, and that when the seat was extended into the aisle it was only high enough from the floor so that it would strike the knees of an ordinary person using the aisle.
“That on the 20th day of June, A.D. 1953, at said time and place, your plaintiff, Olive G. Brisson was purchasing merchandise in said store and did walk down an intersecting aisle near said seat, and did turn the corner and fall and trip over the said seat which was at said time and place extended out into the aisle as aforesaid, and which was protruding in the aisle where the public was used to go.,
“That as a direct and proximate result of the said fall over the said obstruction, the plaintiff Olive G. Brisson suffered great physical pain and injury;” etc.
The cause proceeded to trial on an answer of defendant denying the negligence alleged, asserting the plaintiff was guilty of contributory negligence and that she assumed the risk.
At the conclusion of plaintiff’s testimony, the lower court granted defendant’s motion for directed verdict. Motion for new trial was made and denied, and a final judgment was entered against plaintiff. This appeal followed.
Our inquiry is directed to the question of whether the lower court erred in taking the case from the jury.
It is apparent from an examination of the record in this case that the lower court granted defendant’s motion for a directed verdict on the theory that the plaintiff had failed to establish by her evidence either (1) that the seat had been raised in the extended position by an agent or employee of the defendant or (2) that the seat had been so elevated for a sufficient length of time to have furnished knowledge thereof, actual or implied, to the defendant or any of its agents or employees.' This conclusion is fortified by the basic premise argued by the appellee in support of the judgment of the lower court. In appellee’s brief it is Stated, “There was no proof whatsoever to show that the defendant knew the seat had been elevated. There was no proof whatsoever to prove-that. any. employee .had used, rthis seat, ■ which .was put there to comply with a law of this State, and had left it in its elevated position. There was no proof that the seat had been elevated for any length of time. There must be proof of knowledge — actual or implied, before a prima facie case is made.” In support of that proposition plaintiff cites such cases as Kraver v. Edelson, Fla.1951, 55 So.2d 179; Moulden v. Jefferson Standard Life Insurance Co., 143 Fla. 344, 196 So. 688; Florida Coastal Theatres, Inc. v. Belflower, 159 Fla. 741, 32 So.2d 738; Messner v. Webb’s City, Inc., Fla.1952, 62 So.2d 66; Miller v. Shull, Fla.1950, 48 So.2d 521. If this were a case involving a fall because of a failure to remove a foreign substance whose presence on the floor was unexplained or cases of that kind, the lower court would probably have been correct in his conclusion and the position taken by appellee would be sound. Such, however, is not the case.
The rule of negligence applicable to the facts alleged in the complaint is that where the possibility or probability of consequence can be reasonably foreseen, anticipated, or prevented, an actor who does not use ordinary and -reasonable care to avoid such *773 consequences will be deemed guilty of negligence. The rule is stated in 38 Am.Jur., page 743, Para. 85, as follows:
"However, one who causes or authorizes the use of a dangerous instrument or article in a negligent manner or under such circumstances that he has reason to know it is likely to produce injury, is responsible for the natural and probable consequences of his act to any person injured who is ‘not himself at fault.” '
Illustrative of such negligence is that appearing in Wells v. Palm Beach Kennel, Club, 160 Fla. 502, 35 So.2d 720. While that case related to a condition existing at a place of' amusement, the principle upon which it was decided is applicable here.
In the case of Sandvold v. Perrot, 74 Cal.App.2d 344, 168 P.2d 995, 996, iC appeared .that -the plaintiff there was .injured while seated at the bar of a cocktail lounge, just to the, right, of a portion. pf the counter which was hinged in such a manner that it could be lifted for the purpose of ingress and egress to the working area behind the-counter. The hinges allowed the hinged part of the bar to be raised and to rest with its topside down on that portion of the bar on which the hinges rested. While so seated, another customer standing by the plaintiff requested permission to use the telephone. In order to reach the hook of the telephone, the customer lifted the hinged portion of the bar beyond its vertical position whereupon it fell on the plaintiff’s hand in which she held a glass, severely injuring her. In holding the owner of the bar liable, the California Court stated:
“The evidence shows that plaintiff was not familiar with the bar or its surroundings and did not have knowledge of the trap door in the bar or of its operation; that such door was used by defendants as a means of ingress and egress from and behind the bar. They should have known that the trap door which was without any catch or stop could fall backSl on the counter causing injury to an unsuspecting patron sitting wthin its reach.
"It is therefore evident that the finding of the trial court that defendants were negligent in maintaining the trap door without proper safeguards to prevent its falling is reasonable and finds substantial support in the evidence and that such negligence was the proximate cause of plaintiff’s injury. This being true it is immaterial that another patron rather than defendant raised the door, since it was the maintenance of the do-or in an unsafe condition that constituted the negligence and not the act of raising the door." (Emphasis added.)
That. the defendant in the main case knew that injury would likely result to those lawfully using the premises is eloquently attested in -the record-'by the' statement of the manager of the store to the plaintiff shortly after the accident that “I go over the store all day long pushing those seats down for. fear of something like this will happen.” The evidence established that the seat had been so located for many months before, the accident. Under such circumstances, and with such knowledge, it was the duty of the defendant to use due care to remedy the hazard by. such means as providing some mechanical contrivance so that such seats could’ not remain in the extended position when they were unattended or removing them altogether, and its failure to do so was the negligence alleged. The question should have been submitted to the jury for its determination., See S. S. Kresge Co. v. Rankin, 4 Cir., 1945, 149 F.2d 934; 2 Rest. Torts, 953, Section 348; also compare Railway Express Agency, Inc., v. Brabham, Fla. 1952, 62 So.2d 713.
Because it was for the jury to determine whether the defendant was guilty of negligence in constructing and maintaining, such seat as alleged in the complaint, it was error for the lower court to have directed a verdict in favor of the defendant.
The cause is reversed with directions to vacate the judgment in favor of the defendant and to grant plaintiffs’ motion for a new *774 trial and for further proceedings consistent with the views herein expressed.
Reversed.
MATHEWS, C. J., and THOMAS and HOBSON, JJ., concur.