81 So.2d 553 (1955)
Nellie McDERMOTT, Appellant,
v.
Alf C. ENGSTROM and Florence Engstrom, his wife, and Evans G. Nelson and Dorothea Nelson, his wife (doing business as co-owners jointly under the fictitious name Dixie Cafeteria) at 551 First Avenue North, St. Petersburg, Florida, and the Times Publishing Company, and William Stalker, Appellees.
Supreme Court of Florida. Division B.
June 22, 1955.
Frank B. Arnold, St. Petersburg, for appellant.
Mann, Harrison & Stone and Paul H. Roney, St. Petersburg, for Alf C. Engstrom and Florence O. Engstrom, his wife, and Evans G. Nelson and Dorothea Nelson, his wife.
Joseph J. Davies and McCutcheon & Davies, St. Petersburg, for William Stalker.
Barton & Enwright, St. Petersburg, for The Times Pub. Co.
THOMAS, Justice.
The circuit judge granted the motions of the various defendants to dismiss the amended complaint and the appellant appealed from the final judgment that was then entered.
The appellees  Nelsons and Engstroms  operated in St. Petersburg a cafeteria on the north side of First Avenue North. Entrance to the doors opening into the cafeteria is gained through a vestibule that is 8 feet wide and 19 inches deep.
A wire rack 30 inches high and 19 inches wide, designed to display newspapers published by appellee  The Times Publishing Company  was set in the vestibule against the east wall and extended at the base 4 or 5 inches from the wall. At the time the appellant claims to have been injured, the rack contained no newspapers.
In the afternoon of 5 January 1954 the appellant approached the cafeteria from the east and started to enter for the purpose of buying food. She alleged that she was watchful of her own safety but that she did not see the rack. As she turned into the recess the toe of her shoe became caught in the wire supports of the rack and she fell with such force that her kneecap was broken and she was painfully injured. Such is the substance of the complaint which the judge thought failed to state a cause of action.
We cannot agree with the view that the rack was not hidden but on the other hand was so plainly perceptible that even if there was negligence on the part of the appellees it would be counteracted by the failure *554 of the appellant to care for her own safety by avoiding what she could have easily seen had she looked. Earley v. Morrison Cafeteria Co. of Orlando, Fla., 61 So.2d 477. Our difficulty in accepting appellees' view comes from the nature of the rack when considered with the direction from which appellant approached it. Had she come from the west it would have been clearly in view, a framework of wires, 30 x 19 inches in size. But she came from the east and from that vantage point none of it was visible. Even as she rounded the corner and her shoe was caught, only the lowest part could well be seen. Cf. Brisson v. W.T. Grant Company, Fla., 79 So.2d 771.
The circumstances detailed in the complaint formed, we think, sufficient basis for an answer.
The judgment is
Reversed.
DREW, C.J., and HOBSON and THORNAL, JJ., concur.