**Ruth M. SAGESSER and Walter C. Sagesser, Appellants,**

v.

**SEARS, ROEBUCK & COMPANY, Appellee.**

**No. 15703.**

United States Court of Appeals Fifth Circuit.

Feb. 23, 1956.

Milton M. Ferrell, Harold Young, Miami, Fla., for appellant.

Lawrence A. Schroèder, Miami, Fla., Walton Lantaff Schroeder Atkins Carson & Wahl, Miami, Fla., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

Ruth M. Sagesser and Walter C. Sagesser, her husband, brought an action in the Circuit Court of Dade County, Florida, against Sears, Roebuck & Company. The defendant removed to the United States District Court on the ground of diversity of citizenship. Paraphrasing the complaint, it charged that the defendant was under a duty, in operating its department store in Coral Gables, Florida, to have the aisles in its paint department open and safe for patrons,

business invitees and customers while transacting their business in the store, that notwithstanding its duty it negligently caused boxes filled with merchandise to be left in an aisle without guard or warning. The complaint stated that Ruth M. Sagesser was a patron, invitee and customer and while walking in the aisle and in proceeding around a corner inspecting merchandise, walking with due care and caution, she fell upon and against the boxes of merchandise, lost her balance and fell onto the floor. Injuries were alleged and causation therefor was attributed to defendant's negligence. The ad damnum sought $50,000 for her injuries. On behalf of the husband medical expense, and loss of his wife's assistance, comfort, society and consortium were made the basis of a claim for $15,000.

▆ The defendant moved to dismiss the complaint on two grounds, that it failed to state a claim on which relief could be granted, and that the complaint imposed a higher duty upon the defendant than is required by law. The motion was granted and by the court's order, the cause was dismissed. The propriety of this order is before us for review. Whether the grounds of the defendant's motion, or either of them, have merit is to be determined by the law of Florida.

▆ The general rule as to the duty of care owed to an invitee is stated by the Supreme Court of Florida to be as follows:

"Where a person or corporation invites a member of the public into his or its place of business, he or it owes such person a duty with respect to his safety which may vary with the circumstances of each case. This is essentially true of a public utility corporation such as a common carrier. In any event there is a duty to have the place of business in a reasonably safe condition. And the care required depends upon the circumstances of each case.

"Where a person after going safely on premises is expressly invited to a particular part of the premises in the course of the business in hand, he is not a trespasser, and he has a right to assume that the premises are safe; and it is not contributory negligence to fail to look out for danger when there is no reason to apprehend any." Southern Exp. Co. v. Williamson, 66 Fla. 286, 63 So. 433, 437, L.R.A.1916C, 1208.

▆ One who owns a building or operates a business is not an insurer of the safety of an invitee. So it has been held with respect to an allegation, without more, that the defendant did not furnish a safe floor.[1] It was so held as to a mat in a vestibule,[2] a raised platform for counter stools,[3] a slippery bath tub in a hotel,[4] and as to a slippery bar room floor.[5]

▆ The duty of the operator of a store has been thus stated by the Supreme Court of Florida:

"A store should be safe for customers, and, where there is no warning or occasion to anticipate or to apprehend danger in using the aisles in the store, the customer is not required to be extra careful to look for dangers while walking in the store aisles." Sears, Roebuck & Co. v. Geiger, 123 Fla. 446, 167 So. 658.

Other cases recently decided by the Florida court affirmed the principle stated in the Sears, Roebuck v. Geiger case. See Brisson v. W. T. Grant Co., Fla., 79 So.2d 771, and McDermott v. Engstrom, Fla., 81 So.2d 553.

▆ In the case before us the complaint alleged that the plaintiff, Ruth M. Sagesser, was walking in the aisle of

1. Moulden v. Jefferson Standard Life Ins. Co., 147 Fla. 36, 2 So.2d 302.

2. Earley v. Morrison Cafeteria Co., Fla., 61 So.2d 477.

3. Matson v. Tip Top Grocery Co., 151 Fla. 247, 9 So.2d 366.

4. Miller v. Shull, Fla., 48 So.2d 521.

5. Clyde Bar, Inc., v. McClamma, 152 Fla. 118, 10 So.2d 916.

the store and while proceeding around a corner inspecting merchandise she fell against the boxes of merchandise in the aisle and upon the floor. She was using the aisle for the purpose intended and was, she alleged, inspecting the goods displayed. This was the purpose of their being displayed. The complaint is sufficient in allegations of actionable negligence to withstand a motion to dismiss on the ground of failure to state a claim upon which relief can be granted.

This court, citing Seaboard Air Line Ry. v. Good, 79 Fla. 589, 84 So. 733, held:

"Where negligence is the basis of recovery, it is not necessary to set out in the declaration the facts constituting the negligence, but 'an allegation of sufficient acts causing the injury, coupled with an averment that they were negligently and carelessly done,' is all that is required." Geneva Mill Co. v. Andrews, 5 Cir., 1926, 11 F.2d 924, 926.

Of course, if a complaint shows on its face that the sole proximate cause of an injury is the negligence of the plaintiff no cause of action is stated and a motion to dismiss should be granted. Faulk v. Parrish, Fla., 58 So.2d 523. Such is not the case here. Contributory negligence is an affirmative defense. It need not be negatived by the plaintiff. It must be pleaded and proved by the defendant. Martin v. Stone, Fla., 51 So.2d 33.

Because of error in sustaining the defendant's motion to dismiss the judgment is

Reversed and remanded.