87 So.2d 410 (1956)
Julian E. JACKSON and Trollie F. Cowart, doing business as Jacksonville Meat Company, Appellant,
v.
Douglas PIKE, a minor, by Roy Pike, his father as next friend, Appellee.
Supreme Court of Florida. Special Division B.
May 9, 1956.
Marks, Gray, Yates & Conroy, Francis P. Conroy and Harry T. Gray, Jacksonville, for appellants.
Elmer Norton and Dan H. Stubbs, Jr., Jacksonville, for appellee.
PATTERSON, Associate Justice.
Plaintiff recovered a judgment in an action at law for injuries sustained when struck by an automobile on the parking lot operated by defendants in conjunction with a supermarket owned and operated by defendants.
Defendants' supermarket is located on Beach Boulevard between Jacksonville and *411 the beaches. It is one of several businesses located in a shopping center set back from the boulevard with a parking area between, measuring approximate 75 by 400 feet. Defendants own the building and parking area and operate the supermarket. The other businesses are operated by defendants' lessees. As a promotional device defendants operate a merry-go-round located on the parking lot directly across the parking area from the entrance to defendants' supermarket itself. The merry-go-round is so located adjacent to the concrete base of a large name sign that passage of vehicles is directed around and away from the immediate site of the merry-go-round, but with enough space remaining, when angle parking spaces are occupied, that two cars may pass between the base of the sign and the store entrance.
The evidence establishing the circumstances of plaintiff's injury is not in serious conflict. Plaintiff, a six year old boy, in the care of his adult brother-in-law, was a passenger in a car which entered the parking lot from the east and double parked behind another double parked car immediately in front of defendants' store entrance and opposite the merry-go-round. At the very moment the car stopped the plaintiff alighted from the side of the car nearer the store, darted around the rear of the car and toward the merry-go-round and directly in front of or against the left front wheel of another car passing in the opposite direction between the sign base and the store entrance. The car which struck the lad had just been started up to leave the parking area toward the east, was traveling five to ten miles per hour and stopped almost immediately on impact with the child. The entire sequence of events comprising the accident occurred in a matter of seconds.
At the time of the plaintiff's injury the merry-go-round was in operation at a busy period of the day. One operator was on duty at the merry-go-round operating it and generally supervising its use by the children riding it. Rides were free to any children desiring to ride. The testimony reveals that on occasions the attendant assisted children from the merry-go-round into defendants' store when they had become separated from their parents. There were no safety lanes painted on the surface of the parking area between the carousel and the store nor were there any ropes, protective barriers or caution signs about the carousel, nor were any other traffic attendants provided to control or direct the movement of cars upon the parking area.
The complaint charges that the merry-go-round was attractive to children and did attract them to defendants' supermarket, all of which defendants knew or should have known, and that defendants therefore knew that children of immature years and experience would thereby be exposed to great danger, but defendants nevertheless negligently and carelessly permitted indiscriminate unsupervised and uncontrolled traffic on the parking lot and failed to maintain any safeguard by way of supervision of the parking lot or otherwise, for the protection of the plaintiff and other young children crossing the defendants' parking lot pursuant to defendants' invitation.
Defendants unsuccessfully attacked the complaint in the lower court, moved for directed verdict at the close of plaintiff's evidence and at the close of all the evidence, and for judgment after the verdict, and now appeal from the plaintiff's judgment. Defendants have contended at every stage of the proceedings that plaintiff has neither alleged nor proved a cause of action.
The general rule of the measure of duty resting on the owners of parking lots is that the owners or operators, extending an express or implied invitation to the public to use the facilities provided, are under a duty to those taking advantage of the invitation, to use reasonable care to see that the premises are in reasonably safe condition for the intended use. See annotation 14 A.L.R. 784. We think it is a matter of common knowledge that customers of supermarkets are often accompanied by their children who are too young to be left at home alone, and the intended use of a parking facility in connection with *412 such an establishment must necessarily contemplate the presence of children of immature age and experience, a fact which is particularly apparent where, when as here, the supermarket operator provides an amusement device for the particular purpose of accommodating such children; and the measure of what is reasonably safe for such intended use of the premises must take that circumstance into account. Furthermore, it is not in dispute in this case that plaintiff occupied the status of business invitee to whom defendants owed such duty of due care. See: Annotation, 44 A.L.R. 2d 1319; Burdine's, Inc., v. McConnell, 146 Fla. 512, 1 So.2d 462.
This Court has heretofore held, however, that there is nothing inherently dangerous about a parking lot. Foley v. Hialeah Race Course, Fla., 53 So.2d 771. In that case the complaint, involving a traffic injury on a parking lot, charged the defendant with negligence "`in that there were an insufficient number of traffic attendants; that the said attendants were improperly stationed; that the said attendants were not performing their duties; and that there were insufficient traffic warning devices and controls.'" This Court held such allegations insufficient to state a cause of action without some factual allegation showing a breach of duty proximately contributing to plaintiffs' injury. The allegations of negligence in the case at bar are substantially similar to the allegations of negligence of that case but are in their context coupled with the added element of duty to anticipate the presence of small children. Such added element does not relieve the plaintiff of the necessity of establishing a proximate causal relation between his injury and some breach of duty by defendants. Our view of this case on the question of proximate cause makes it unnecessary for us to decide whether the complaint sufficiently stated a cause of action in the first instance.
The evidence does not show, nor do we perceive any attempt to show, that any special hazard existed on defendants' parking area by reason of any defect in its physical condition, nor was the character of the traffic on the lot shown to be any more dangerous than such as attends normal movement of motor vehicles onto and from such facilities. Plaintiff's judgment rests, however, on the proposition that defendants' failure to supervise and control the parking and movement of vehicles on the parking area was, in some manner not clear to us, a proximate cause of plaintiff's injury. We cannot agree.
We think the undisputed facts of the occurrence of plaintiff's injury affirmatively establish that the efficient cause of plaintiff's injury was the plaintiff's impulsive act in darting in front of the slowly moving vehicle by which he was injured. He was not injured on or at the merry-go-round itself, consequently there is no basis to hold that the absence of ropes, barriers or warnings about the merry-go-round could possibly have had any influence over the event of the accident in this case. Nor is there any attempt to charge improper operation of the vehicle which injured the plaintiff, nor is it shown in what manner defendants should have controlled its movement or required it to be operated any differently that it was in fact being operated. It is not necessary to a decision of this case to attempt to fix the responsibility for plaintiff's injury between the plaintiff himself and his brother-in-law, his legal custodian at the time of his injury. It is sufficient to say that after all the evidence in this case has been considered, indulging every presumption in plaintiff's favor, we cannot find any basis for the charge that any failure of a duty on the part of the defendants proximately caused or contributed to causing plaintiff's injury. The facts of this case come no nearer fixing liability on defendants than did the allegations quoted from Foley v. Hialeah Race Course, supra, which were there held insufficient.
Being of such view, we think the defendants' motion for a directed verdict should have been granted. Judgment for plaintiff *413 is therefore erroneous and is reversed and this cause remanded with directions to enter judgment for defendants.
DREW, C.J., and THOMAS and ROBERTS, JJ., concur.