Charles H. GOLDMAN, Appellant,

v.

HOLLYWOOD BEACH HOTEL COMPANY, Appellee.

No. 16349.

United States Court of Appeals
Fifth Circuit.

May 9, 1957.

S. O. Carson, John H. Wahl, Jr., Miami, Fla., Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, Fla., of counsel, for appellant.

Willis H. Flick, T. J. Blackwell, Blackwell, Walker & Gray, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellant, Charles H. Goldman, a resident of Illinois, and his wife, made reservations for December 25, 1952, at the Hollywood Beach Hotel, operated at Hollywood, Florida, by the appellee, Hollywood Beach Hotel Company, an Ohio corporation. On arriving at this hotel the Goldmans were informed that

a room was not available there but they were provided with a room at the Town House, also operated by the appellee. The Goldmans were given the use of the dining room and other facilities of the Hollywood Beach Hotel. This hotel operated an automobile for the free transportation of the Goldmans and others similarly situated between the hotel where they had their sleeping quarters, and the Hollywood Beach Hotel where the dining and recreational facilities were available. On the evening of December 27th Mr. and Mrs. Goldman, and another or others, were transported from the Town House to the Hollywood Beach Hotel, arriving there at about 7:30 P.M. There were several cars waiting to drive up to the entrance to the hotel. The car in which the Goldmans were riding stopped across the driveway from the hotel entrance. The driver was quoted as saying "Everyone out." The driver left the car to deliver a jacket to the driver of another car. In the back of the car with the Goldmans was another passenger who opened the door, stepped from the car and went his way. Goldman followed, slipped and fell. He was taken into the office of the hotel doctor. While there Mrs. Goldman wiped some grease or oil from the side of his trousers and the edge of his coat. She did not notice, nor did he, whether there was any oil or grease on his shoes. He sustained an arm injury and for it he brought a suit in the United States District Court for the Southern District of Florida with diversity of citizenship stated as the basis for Federal jurisdiction. Goldman testified that he slipped but did not see what caused his fall. He could not recall whether or not he looked at the pavement before stepping out of the automobile. Mrs. Goldman testified that she saw a wet spot or a puddle at the place where Goldman fell. Both of them testified that his legs were partly under the car after the fall.

By the original complaint Goldman alleged that the defendant hotel company was negligent in that it knew or in the exercise of reasonable care should have known of the existence of the substance on which he slipped and that it failed "to keep its premises in a reasonably safe condition for the welfare of plaintiff as an invitee thereon." The hotel company denied negligence and asserted contributory negligence of Goldman as a defense. On issues so framed the cause went to trial under a stipulation that the question of liability would be first determined. During the trial the plaintiff took the position that the hotel company owed the plaintiff the highest degree of care. He advanced the theory that by operating the limousine the hotel company was rendering, horizontally the same type of service as hotels perform in the moving of guests vertically by means of elevators, and that the degree of required care should be no less in the horizontal than in the vertical transportation. When Mr. and Mrs. Goldman had testified the plaintiff's attorney announced that he had no more evidence to submit on the question of liability. The hotel company moved for a directed verdict. The motion was granted and judgment was entered for the defendant. Thereafter Goldman filed a motion for a new trial and a motion for leave to amend his complaint by alleging his horizontal elevator and highest degree of care theory. Both motions were denied but Goldman was permitted to amend his complaint by alleging as the hotel company's negligence its failure "to exercise the highest degree of care in providing a safe place for plaintiff to alight". From the judgment adverse to him Goldman has appealed.

We are to determine whether there was a showing made of negligence sufficient to carry the case to the jury. In so doing the question to be resolved is whether the hotel company, under the circumstances, exercised the care required of it by law.

■ "Negligence", so the Supreme Court of Florida has said, "is the failure to observe for the protection of another's interest such care, precaution and vigilance as the circumstances justly demand whereby injury is done to such a

person, or, in another form, negligence is the failure to do what a reasonable and prudent person would ordinarily have done, or the doing of what such a person would have done under the situation whereby injury is done to another". Russ v. State, 140 Fla. 217, 191 So. 296, 298; De Wald v. Quarnstrom, Fla., 60 So.2d 919. The appellant urges that there should be no difference between the degree of care required in horizontal transportation by automobile and vertical transportation provided by an elevator. In support of this contention the appellant cites Mitchell v. Marker, 6 Cir., 62 F. 139, and Southern Railway Co. v. Taylor, 57 App.D.C. 21, 16 F.2d 517, 523. These cases compare the degree of care required in the operation of elevators with the duty imposed upon a common carrier of passengers. In the latter case it is said that, "This comparison is induced by reason of the similarity of the duty each owes to those under his care, not to the similarity of service or the instrumentality employed in rendering the service." We are not here concerned with the duty or degree of care required of one who is a common carrier. The transportation service rendered by the appellee was that of a private carrier. Although, under the circumstances, the appellee was acting as a private carrier for hire, the general rule does not impose upon it a higher duty than that of ordinary care. 13 C.J.S. Carriers § 678 d, p. 1262. It is not necessary that we decide what degree of care is required of operators of elevators in Florida, although the Supreme Court of Florida has indicated that the exercise of reasonable care is all that is required in the operation of an escalator. Burdine's, Inc., v. McConnell, 146 Fla. 512, 1 So.2d 462.

No negligence in the operation of the car in which Goldman was riding was shown. It had come to a stop before there was any injury. The negligence charged is the failure of the appellee hotel company to provide a safe place for Goldman to alight, or, in other words, in stopping the vehicle at a place where it was unsafe for him to alight.

The district judge, in stating the reasons for directing a verdict for the appellee, expressed the view that it was not necessary to determine whether the hotel company owed Goldman the highest degree of care or merely reasonable care since negligence in any degree had not been shown. We are of the same opinion. The owner of premises is not the insurer of the safety of an invitee. Moulden v. Jefferson Standard Life Insurance Co., 147 Fla. 36, 2 So. 2d 302; Sagesser v. Sears, Roebuck & Co., 5 Cir., 1956, 230 F.2d 806. Goldman was a paying guest of the hotel company, a customer, and his legal relationship to it was that of an invitee. The doctrine of res ipsa loquitur does not apply in such a case as is before us. The negligence must be shown. Batson v. Western Union Telegraph Co., 5 Cir., 1935, 75 F.2d 154; Heps v. Burdine's, Inc., Fla., 69 So.2d 340; Moulden v. Jefferson Standard Life Insurance Co., 143 Fla. 344, 196 So. 688.

In recent years, the Supreme Court of Florida has frequently considered the duty to invitees imposed on various types of business operations. Many of its decisions have been considered by this court in the recent opinion of Pogue v. Great Atlantic & Pacific Tea Co., 5 Cir., 1957, 242 F.2d 575. The Florida court has announced the rule that where large crowds congregate at places of amusement, the owner who has failed to provide a place for the deposit of empty beverage bottles should expect that empty bottles will be placed in aisles and passageways and become a hazard to patrons. Being so charged with notice, the owner had not discharged his duty to invitees and was liable to a patron who slipped upon a bottle and was injured in the resulting fall. Wells v. Palm Beach Kennel Club, 160 Fla. 502, 35 So.2d 720. In the Pogue case, supra, the doctrine of the Wells case was applied to a case where an injury was sustained from a fall by an invitee patron after slipping upon a vegetable in the aisle of a self-service grocery and market, it appearing that the customary operations of the

store resulted in the frequent littering of the aisle floor with pieces of vegetables.

■ As stated by the Supreme Court of Florida:

"The rule is that the owner of premises is charged with the duty of exercising ordinary care to keep his premises in a reasonably safe condition for the purposes to which they are adapted. He is responsible for injuries to his invitees due to latent or concealed perils, known to him or which in the exercise of reasonable care, should have been known to him, and which were by the invitee unknown or by the exercise of due care could not have been known to such invitee, and, of course, in the absence of a warning by the owner as to such dangers." Messner v. Webb's City, Inc., Fla., 62 So.2d 66, 67. See Hall v. Holland, Fla., 47 So.2d 889.

■ The driveway which formed the approach to the hotel was similar to a parking lot, and it has been held that there is nothing inherently dangerous about a parking lot. Foley v. Hialeah Race Course, Fla., 53 So.2d 771; Jackson v. Pike, Fla., 87 So.2d 410. If it be assumed that the evidence of the appellant has established, prima facie, that he slipped on oil or grease in the driveway at the appellee's hotel and was injured as the result of a fall, we must find, if recovery is to be permitted, evidence of the appellee's negligence. There is no evidence that the oil or grease was placed upon the driveway by any of appellee's employees or that any of them knew of its presence, nor was it shown that the oil or grease had been on the driveway long enough to charge the appellee with knowledge of its presence. Absent such evidence the negligence of the appellee has not been shown. This is not a case, such as the Wells and Pogue cases, supra, where the condition resulting in the injury was created by or should have been anticipated by the owner. See Messner v. Webb's City, Inc., supra; Carls Markets, Inc., v. Leonard, Fla.,

73 So.2d 826. The distinction is noted by the Supreme Court of Florida in Brisson v. W. T. Grant Co., Fla., 79 So. 2d 771.

■ Where there is no evidence showing negligence or from which an inference of negligence can properly be drawn it is not error to direct a judgment for the defendant. Messner v. Webb's City, Inc., supra; Earley v. Morrison Cafeteria Co. of Orlando, Fla., 61 So.2d 477. Such is the case before us. The judgment of the district court is

Affirmed.