PEARSON, Judge.
The plaintiff prosecutes this appeal from a final summary judgment for the defendant. The action was for personal injuries alleged to have been incurred when the plaintiff tripped upon a display table in the front of defendant’s store. The judgment was entered upon the complaint, answer, plaintiff’s answers to interrogatories, the depositions of the plaintiff and plaintiff’s wife and the deposition of a witness to the accident. In addition photographs of the area were identified.
*670 The controlling question is did the trial judge err in finding the plaintiff guilty of contributory negligence as a matter of law. In the determination of this question, we must consider only undisputed facts, since any material factual issue must be submitted to a jury. Delany v. Breeding’s Homestead Drug Co., Fla.1957, 93 So.2d 116. Inasmuch as a summary final judgment for the defendant in a negligence action is in essence a directed verdict for the defendant before trial, we must view the facts in the light most favorable to the plaintiff and grant to the plaintiff all reasonable inferences from the facts before the court.
Defendant’s place of business was directly on the corner of Flagler Street and S.E. Third Avenue in Miami, Florida. The store had an entrance which was cut at an angle across the corner. Exactly on the corner was a 24 inch column and the entrance to defendant’s store was contiguous to the column on S.E. Third Avenue and contiguous to the same column on Flagler Street. The display table was in the Flag-ler Street portion of the entrance and extended eighteen inches out over the Flag-ler Street sidewalk. The plaintiff turned the corner and in his own language, “started to walk” when he tripped over the leg of the protruding table. Upon the crucial question of the time or distance during which the plaintiff could have observed the eighteen inch wide obstruction, the pictures and the depositions were not very enlightening. It is certain, the distance and time for observation were short.
The factual situation in this case is different from that before the trial judge in Jacobs v. Claughton, Fla.App.1957, 97 So.2d 53. In the cited case the obstruction was larger and the plaintiff’s view was clear for at least one-fourth of a city block. In the case now before us, the plaintiff was turning a corner and the photographs would support the conclusion of reasonable men that he could not have seen the protruding portion of the table or taken more than one or two steps before tripping over it. The circumstances of the instant case are much closer to those set forth in McDermott v. Engstrom, Fla.1955, 81 So.2d 553. Accordingly the summary judgment is reversed.
Reversed and remanded.
CARROLL, CHAS., C. J., and HORTON, T., concur.