PER CURIAM.
The appellants were the plaintiffs below. They appealed from a summary judgment entered in favor of the defendant. The action was by the plaintiff Jeanne F. Conwell for personal injuries allegedly the product of defendant’s negligence, and by her husband for derivative damages. Jeanne Conwell, who will be referred to as the plaintiff, was employed in a separate leased department in a store establishment operated by the defendant corporation. One morning before the time for opening to the public, plaintiff went to an area or department operated by defendant to return to defendant an article belonging there which had been mistakenly left in her employer’s area. She was directed by one of the defendant’s employees to proceed down a certain aisle. In arranging merchandise there, the defendant’s employees had used a movable dress rack and had left it in such position that a leg or base thereof extended into the aisle. Plaintiff fell over it and was injured. The trial judge held that as a matter of law the defendant corporation was free of negligence. We cannot agree. The plaintiff was where she was entitled! to be, and concededly was a business invitee-The obstruction in the aisle was placed there by defendant’s employees. In the circumstances presented, the questions of negligence of the defendant and of contributory negligence of the plaintiff plainly were triable issues. See Brisson v. W. T. Grant Company, Fla.1955, 79 So.2d 771; McDermott v. Engstrom, Fla.1955, 81 So.2d 553; Sunday v. Ikinson, Fla.App.1958, 103 So.2d 669; Purdon v. Cohen, Fla.App.1961, 126 So.2d 575; Hanson v. Shell’s City, Inc., Fla.App.1961, 133 So.2d 573. Accordingly the summary judgment is reversed.
Reversed.