PEARSON, Judge.
Mr. and Mrs. Maury appeal from a summary final judgment for the appellee in an action for personal injuries sustained by Mrs. Maury in the appellee’s store.
The general rule is that the issue of negligence is to be determined by the jury rather than the judge. Strickland v. Bradford County Hospital Corp., Fla.App.1967, 196 So.2d 765. The only question, then, is whether the uncontroverted statements made by Mrs. Maury in her deposition establish without any genuine issue of material fact that her injury was not caused by any negligence of the appellee. Viewed in the light most favorable to Mrs. Maury, her deposition establishes the following facts. On the day of the injury she was a business invitee in the bedding department of the ap-pellee’s store examining beds consisting of mattresses placed on metal frames. The beds were displayed in a long row adjacent to an aisle. As Mrs. Maury walked down the aisle examining the mattresses, she came to what she believed was an open space, and turned in. Her leg then struck a metal bed frame ten to twelve inches high on which there was no mattress. She fell and suffered fractures of her arm and other injuries. She walked into the frame because she did not see a mattress on it; it was the only bed frame without a mattress. The frame did not project into the aisle; rather, it was approximately one foot behind the line established by the rest of the bedding equipment. The color of the frame contrasted with the color of the floor. The area was well lighted.
The appellants rely upon Carter v. Parker, Fla.App.1966, 183 So.2d 3, and Shell’s *777 Super Store, Inc. v. Parker, Fla.App.1958, 103 So.2d 884, for reversal. In Carter v. Parker the plaintiff wife tripped over the leg of the chair in a cocktail lounge. The plaintiffs alleged that the lounge was dimly lit, that the tables and chairs were crowded together, and that the chairs had extremely protruding legs. On these facts, the court reversed a summary final judgment for the defendant. We do not think that case is applicable because in the case at bar the area in which the injury occurred was well lighted, and the bed frame did not extend into an aisle or an area which would ordinarily be used as a passage by customers. Nor do we consider Shell’s Super Store, Inc. v. Parker applicable to the present case. The opinion in that case makes it clear that when the conflicting evidence was viewed in the light most favorable to the plaintiff, the jury found that the apple box over which she tripped had been placed in an aisle intended for the use of customers. This court refused to substitute its judgment for that of the jury and affirmed a judgment for the plaintiffs.
The appellee company owed Mrs. Maury the duty of maintaining its premises in a reasonably safe condition. Moulden v. Jefferson Standard Life Ins. Co., 147 Fla. 36, 2 So.2d 302 (1941). But the law does not require the proprietor of a public place to maintain his premises in a condition such that no injury can be sustained by a customer. Matson v. Tip Top Grocery Co., 151 Fla. 247, 9 So.2d 366 (1942); Earley v. Morrison Cafeteria Co. of Orlando, Fla. 1952, 61 So.2d 477.
Under the circumstances of this case as described by Mrs. Maury in her deposition, it is clear that the appellee met the standard set by the Moulden case and was therefore not negligent towards Mrs. Maury.
Affirmed.